UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor; and CAMERON HINSON, Texas residents,<br><br>Plaintiffs<br><br>v.<br><br>DOREL JUVENILE GROUP, INC., a Massachusetts corporation,<br><br>Defendant. | Case No. 2:15-cv-00713-JRG-RSP |

## JOINT MOTION TO AMEND DOCKET CONTROL ORDER

TO THE HONORABLE MAGISTRATE JUDGE ROY S. PAYNE:

COMES NOW Defendant Dorel Juvenile Group, Inc. ("DJG") and Plaintiffs Nicole and Cameron Hinson ("Hinsons") and file this Joint Motion to Amend the Court's Amended Docket Control Order[1] dated October 26, 2015. In support of this motion, DJG and the Hinsons respectfully show as follows:

### I.
### Good Cause Exists to Modify the Court's Docket Control Order

A Court's scheduling order may be modified upon a showing of good cause and with the Court's consent. FED. R. CIV. P. 16(b)(4); *S&W Enters v. South Trust Bank*, 315 F.3d 533, 535 (5th Cir. 2003). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." 6A Charles Alan Wright et al., Federal Practice and Procedure §

---

[1] The Court previously amended its Docket Control Order to correct an oversight in the expert designation deadlines.

1522.1 (2d ed. 1990). *S&W Enters*, 315 F.3d at 535. The parties would show the Court that they have exercised diligence in seeking to conduct discovery but despite such diligence they cannot meet the Court's current deadlines.

The parties have exchanged written discovery, negotiated extensive discovery disputes (so far without the necessity of court intervention) and been working to schedule various depositions. The parties have also begun the process of working with their experts in order to timely designate them and disclose their opinions. Problems with scheduling depositions and timely designating experts have arose which put in doubt the parties completing discovery by the Court's January 28, 2015 deadline.

Specifically, the Hinsons' liability expert has a trial during the week of Plaintiffs' expert designation deadline (December 14, 2015). Plaintiffs' counsel requested a 9 day extension on their expert deadline as a result of this conflict, which Defendant granted in exchange for a corresponding extension of Defendant's deadline. However, this courtesy has now resulted in the discovery period ending less than a week after Defendant's expert deadline, severely hampering the ability for Defendant's experts to be timely deposed by Plaintiffs.

Further, Defendant has requested the depositions of Plaintiffs on the same day, but they are unavailable on the same date until after Christmas due to Mr. Hinson's work schedule. Similarly, Defendant has repeatedly requested the deposition of one of C.H.'s treating medical providers, Donna Britton. However, this provider's deposition

has been difficult to schedule.[2] That deposition has now been scheduled for January 7, 2015, but this is after Plaintiffs' expert deadline and shortly before Defendant's deadline. All of these depositions are important to the parties' experts and completing them before the expert disclosures will substantially streamline expert discovery. These scheduling issues make the current expert deadlines and discovery period unworkable.[3]

## II.

### The Parties' Are Only Requesting a Short Extension of the Deadlines

The parties have conferred and believe a short extension of approximately 60 days to all the pending deadlines would give the parties enough time to complete the needed discovery and prepare this case for trial. The parties timely requested this short extension once they recognized the current schedule was unworkable. Attached as Exhibit "A" to this Motion is the Amended Docket Control Order proposed by DJG and the Hinsons. The Parties agree to use their best efforts to meet these deadlines in the event the Court grants this Motion. This motion is not just for delay but so that justice may be done.

## III.

### CONCLUSION

---

[2] The nurse practitioner's office first required a HIPPA release just to communicate with them, but would not forward the requested form. The form was finally received and returned to allow scheduling communications to ensue.
[3] In hindsight, the parties should have proposed the Court "push back" all the deadlines by 30 days when the Court previously modified the expert deadlines instead of merely changing "the gap" between parties expert designations and leaving the remaining deadlines unchanged.

Good cause exists for the Court to grant the parties a short extension of the deadlines contained in the Court's Docket Control Order in order to properly prepare this for trial in an orderly fashion. Therefore, DJG and the Hinsons request the Court enter the proposed Amended Docket Control Order attached hereto as Exhibit "A".

Dated: December15, 2015                      DOREL JUVENILE GROUP, INC.


/s/ Anthony A. Avey
Jonathan Judge (pro hac vice)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com

Anthony A. Avey
AVEY & ASSOCIATES PLLC
14255 Blanco Rd.
San Antonio, TX 78216
(210) 308-6600
(210) 308-6939 – facsimile
tavey@aveylaw.com

Attorneys for Defendant Dorel Juvenile Group, Inc.

/s/ Jeffrey T. Embry
Jeffrey T. Embry
State Bar No. 24002052
Attorney-in-Charge
George Cowden IV State Bar No. 24071492
HOSSLEY &EMBRY, LLP
320 S. Broadway, Suite 100
Tyler, Texas 75702
Ph. 903-526-1772
Fax. 903-526-1773

ATTORNEYS FOR PLAINTIFFS

VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared Anthony A. Avey, known to me to be the person whose name is subscribed to the foregoing motion, and, after having been duly sworn, he stated on his oath that the facts stated in the motion are true and correct.

_____
Anthony A. Avey

SWORN TO AND SUBSCRIBED BEFORE ME on this _15_ day of ___Dec.___, 2015.

MARIAINES MANZO
Notary Public, State of Texas
My Commission Expires
August 07, 2019

_____
Notary Public in and for the State of Texas