UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor; and CAMERON HINSON, Texas residents, | § § § § | |
| Plaintiffs | § § | Cause No. 2:15-CV-713-JRG-RSP |
| v. | § § | Jury Demand |
| DOREL JUVENILE GROUP, INC., a Massachusetts corporation | § § § | |
| Defendant. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs file this First Amended Complaint and would show the Court as follows:

### PARTIES

1.  Plaintiff Nicole Hinson, individually and as Next Friend of C.H., a minor, is a resident of Longview, Texas and lives within the Eastern District of Texas.

2.  Plaintiff Cameron Hinson is a resident of Hallsville, Texas and lives within the Eastern District of Texas.

3.  Defendant, Dorel Juvenile Group, Inc. ("Dorel") is a Massachusetts corporation with its home office located at 25 Forbes Blvd, Ste. 4, Foxboro, MA 02035. This Defendant has answered and can be served via its counsel of record.

### JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this controversy is between citizens of different states. In addition, the amount in controversy is in excess of $75,000.00 U.S.

—1—

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district. In addition, the property at issue is located in this judicial district.

## BACKGROUND FACTS

6. Plaintiff, C.H. is a minor child who was born on July 11, 2011. Nicole Hinson and Cameron Hinson are C.H.'s mother and father.

7. Mr. and Mrs. Hinson purchased a Safety 1st Summit car seat Model #BC057-NOR forward facing car seat for use with C.H. before the subject occurrence. Dorel designed, marketed, and sold the subject Safety 1st Summit car seat.

8. On May 15, 2013, the Hinson family was traveling in their family vehicle with C.H. buckled into the subject car seat position behind the front passenger seat. Cameron Hinson was driving and Nicole Hinson was seated in the front passenger seat. A Chevrolet Suburban crossed the center line and impacted the Hinson vehicle on Highway 80 near CR 3639 near Big Sandy, Texas. Mr. & Mrs. Hinson received injuries but they were not life threatening. Mrs. Hinson was treated and released the same day as the accident. Cameron Hinson required hospitalization for less than a week and has recovered.

9. C.H. received a spinal cord injury at the T11-T12 level without radiographic abnormality or a SCIWORA injury. C.H. will never walk under his own power again based on current medical science and treatment modalities. C.H. also suffered an injury to his head and face which has left him with a brain injury.

## NEGLIGENCE CAUSE OF ACTION

10. Plaintiffs repeat and re-allege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

11. Dorel was negligent in marketing the subject car seat for use with children C.H.'s age given the medical risks presented in a severe frontal collision. Dorel was also negligent in failing to adequately warn consumers and customers of the risks posed to young children positioned in a forward facing car seat as opposed to a rear-facing car seat.

12. Dorel's negligent acts and omissions alleged herein were a proximate cause of the incident made the basis of this lawsuit and Plaintiffs' injuries and damages.

## MARKETING DEFECT/FAILURE TO WARN

13. Plaintiffs adopt each paragraph set forth above as if fully set forth here.

14. The subject car seat was defectively marketed because Dorel knew or should have known of a potential risk of enhanced and serious injury to very young children resulting from being positioned in the subject forward facing car seat but marketed the car seat without any adequate warning of the danger or providing any instructions for its safe use in light of this danger. The risk of harm associated with the subject car seat arises from its intended or reasonably anticipated use. Defendant actually knew or could have reasonable foreseen the risk of harm at the time the car seat was marketed and sold, and the absence of any adequate warnings or instructions rendered the car seat unreasonably dangerous to the Hinson family.

15. The marketing defect(s) in the subject car seat was a producing cause of the damages alleged herein.

## GROSS NEGLIGENCE CAUSE OF ACTION

16. Plaintiffs repeat and re-allege, as if fully set forth herein, each and every allegation contained in the above paragraphs and further allege:

17. Dorel's conduct complained of above constitutes gross negligence. Dorel's conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence,

involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

18. Further, Dorel, by and through its employees and agents, had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others.

## DAMAGES

19. As a result of the allegations complained of above, Plaintiff C.H., a minor, has suffered catastrophic injuries rendering him partially paralyzed. Plaintiff C.H. has also suffered a brain injury. Plaintiff C.H. has suffered physical pain and suffering, mental anguish, disfigurement, loss of earning capacity, physical impairment, loss of consortium, pecuniary loss, and incurred medical expenses. Plaintiff Cayden Hinson suffered each of these elements of damages in the past and likely will continue to suffer such damages in the future.

20. As a result of the allegations complained of above, Plaintiffs Cameron and Nicole Hinson suffered serious mental anguish associated with the serious injuries suffered by their young son. Moreover, these plaintiffs have incurred medical expenses associated with C.H.'s injuries. These plaintiffs have suffered each of these elements of damages in the past and likely will continue to suffer such damages in the future.

21. As a result of the gross negligence alleged herein, exemplary damages are recoverable as defined by Texas Civil Practice and Remedies Code Chapter 41. Plaintiffs have satisfied each element required to obtain exemplary damages. Plaintiffs pray that the Court award exemplary damages.

22. Plaintiffs pray for the maximum allowable pre-judgment and post-judgment interest on any damages awarded and pray to recover all court costs associated with this action

## JURY DEMAND

23. Plaintiffs request a jury be empanelled to determine the factual disputes in this matter.

## PRAYER

24. Plaintiffs pray that upon a trial of this matter, they receive a final judgment for all the damages, costs, and interest alleged herein.

/s/Jeffrey T. Embry
Jeffery T. Embry
State Bar No. 24002052
Attorney-in-Charge
George Cowden IV
State Bar No. 24071492
Hossley & Embry, LLP
320 South Broadway Avenue, Suite 100
Tyler, Texas 75702
Ph. (903) 526-1772
Fax (903) 526-1773
jeff@hossleyembry.com
george@hossleyembry.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned served all counsel of record with a copy of this pleading via the Court's electronic filing system this 1st day of April, 2016.

/s/Jeffrey T. Embry
Jeffery T. Embry