**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NICOLE HINSON, ET AL. | § | |
| | § | |
| v. | § | Case No. 2:15-CV-713-JRG-RSP |
| | § | |
| DOREL JUVENILE GROUP, INC. | § | |

**AMENDED DOCKET CONTROL ORDER**

In accordance with the telephonic hearing regarding the deadlines preceding the revised trial date, it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

<u>New Dates</u>     <u>Prior Dates</u>

| New Dates | Prior Dates | |
|---|---|---|
| **June 13, 2016** | July 11, 2016 | Trial- Evidence – 9.00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| **May 31, 2016** | July 11, 2016 | Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| **June 8, 2016** | June 16, 2016 | Pretrial Conference – 9:00 a.m. in **Marshall, Texas,** before Judge Roy S. Payne |
| | June 3, 2016 | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict; |
| **May 26, 2016** | May 27, 2016 | File Motions *in Limine* |

**The parties shall not mention evidence in jury selection that is the subject of a motion in limine, without leave of court.**

The parties are ordered to **meet and confer** on their respective motions in limine and **advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate

        May 25, 2016    File Notice of Request for Daily Transcript or Real Time Reporting.

                If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov.

        May 27, 2016    Pretrial Objections due

**May 16, 2016**    May 13, 2016    Pretrial Disclosures due

        May 13, 2016    Response to Dispositive Motions (including Daubert Motions).[1] Responses to dispositive motions filed prior to the dispositive motion deadline, including Daubert Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56.

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has 14 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b)    The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c)    The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

    (d)    Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

4.    Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**SIGNED this 4th day of May, 2016.**

ROY S. PAYNE  
UNITED STATES MAGISTRATE JUDGE