**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

NICOLE HINSON, Individually and as )
Next Friend of C.H., a Minor; and )
CAMERON HINSON, Texas residents, )
                                 )
          Plaintiffs             )     Case No. 2:15-cv-00713
                                 )
       v.                     )
                                 )
DOREL JUVENILE GROUP, INC., a )
Massachusetts corporation, )
                                 )
          Defendant.       )

## <u>DOREL JUVENILE GROUP, INC.'S REPLY TO PLANTIFFS' RESPONSE TO MOTION TO STRIKE SUPPLEMENTAL REPORT OF DR. DAVID J. ALTMAN</u>

COMES NOW Defendant Dorel Juvenile Group, Inc. ("DJG") and files this Reply to Plaintiffs' Response to DJG's Motion to Strike the Supplemental Report of Dr. David J. Altman, and in support thereof would show the Court as follows:

### SUMMARY

Plaintiffs mischaracterize Dr. Altman's report as a "clarification" required to cure a "gap" in Dr. Altman's logic or inaccuracies in his report. Plaintiffs' authorities do not support this argument.  Rather, the grounds argued by Plaintiffs are inapplicable as a matter of law and due to the distinguishable facts surrounding Dr. Altman's untimely report.

### ARGUMENT

**A.**    ***<u>Plaintiffs' Reasoning Has Not Been Adopted By the Fifth Circuit or This Court</u>***

Plaintiffs rely on the Tenth Circuit opinion of *Miller v. Pfizer, Inc.,* for the proposition that a party has right to supplement its expert report "in response to an assertion by the opposition that there are gaps in the expert's logic."  *See* Response at 2, n.8 (citing *Miller v. Pfizer,* 356 F.3d 1332 (10th Cir. 2004).[1]   However, neither the Fifth Circuit nor this Court have adopted this standard.[2]

The *Miller* case has been cited by the Fifth Circuit, but for a different proposition.  See *Macy v. Whirlpool Corp,* Case No. 14-20603, fn. 12 (5th Cir. June 4, 2015) and *Knight v. Kirby Inland Marine, Inc.,* 482 F.3d 347,  352  (5th Cir. 2007) (discussing exclusion of experts' general and specific causation opinions under *Daubert*).  District Courts in Texas have also cited *Miller* for other propositions.  See *Ackerman v. Wyeth Pharmaceuticals*, No.4:05-CV-84 (E.D. Texas Oct.19, 2016 ) (ordering Plaintiff to produce expert reports from *Miller* and other cases so Court could compare them with Plaintiff's expert reports for Daubert purposes); *Needleman v. John Hancock Life Ins. Co.,* No. Civ. A. 3:03-CV-1955L, at fn.9.  (N.D. Tex. March 31, 2006)  (listing cases cited by Defendant supporting summary judgments for Pfizer).  Defendant found only one District Court case in Texas analyzing the *Miller* reasoning on this issue in any depth. *See United States ex rel. Ruscher v. Omnicare, Inc.,* Civ. Action 4:08-CV-3396, 2015 WL 5178074, at *5 (S.D. Tex. Sept 23, 2015).[3]

---

[1] Plaintiffs also misstate this legal standard, as explained below.

[2] Plaintiffs also cite the *Sancom* case from South Dakota for the proposition that supplemental reports are allowed to correct inaccuracies, but never cite to any inaccuracies in Dr. Altman's report.  Response at 2, fn. 7.

[3] See also Hernandez v. Swift Transp. Co., No.09-CV-855-XR, 2010 WL 2545597 (W.D. Tex. June 22, 2010 (citing *Miller,* but applying *Geiserman* test in excluding majority of Defense expert's sur-rebuttal report).

Like the *Miller* Court, the Southern District disallowed the untimely expert report.  That

Court explained why the *Miller* reasoning did not permit that late report at follows:

> Relator cites a Tenth Circuit case, *Miller v. Pfizer, Inc.,* for the proposition that "supplements to expert reports are appropriate when they are in response to assertions that there are gaps in the expert's chain of reasoning." Relator's Br. at 9. To the contrary, the Tenth Circuit did not lay down a mandatory rule, but instead said that such supplements "may" be appropriate in some circumstances. 356 F.3d 1326, 1332 (10th Cir. 2004). To determine whether supplementation was appropriate, the Court reviewed the whole of the record with regard to the relevant expert and considered whether he had other opportunities to respond to criticisms of his analysis. In *Miller,* the Court concluded that the district court had not abused its discretion by excluding the supplemental reports because the expert had other opportunities to respond to concerns raised by other experts and the court.  Id. at 1334. Likewise, here, Relator's experts would have opportunities to testify, and Relator would have an opportunity to cross-examine the Defendants' experts as to their opinions. The Court is not concerned that striking these additional reports will deprive Relator of an opportunity to respond to Defendants' Expert

*Omnicare, Inc.,* Civ. Action 4:08-CV-3396, 2015 WL 5178074, at *5 (S.D. Tex. Sept 23,

2015).

The *Miller* "exception" has not been adopted by the Fifth Circuit or this Court.  Absent

this Court adopting that standard, this reasoning should not be applied to Dr. Altman's late

report.  Rather, the Court should analyze the untimely expert report under the long held standard

set out in *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir. 1990).  See Motion at 5-8

(applying *Geiserman* four-factor test)

**B.**    ***Plaintiffs' Reasoning Supports Striking Dr. Altman's Untimely Report***

Plaintiffs' argument fails even if the Court applies Plaintiffs' legal grounds.  First,

Plaintiffs misstate the Miller legal standard.  Late reports are not permitted when an expert is

faced with criticism by "the opposition" (i.e. Defense counsel).  Rather, it is criticism from an

opposing expert that triggers the potential for a supplemental report, under the right

circumstances.  *See Miller* at 1332: *Omnicare,* at *6.  We don't have that here.

Dr. Altman's supplemental report is dated March 8, 2016.  Defendant designated experts and produced its expert reports on March 11, 2016.   Plaintiffs cite Defense counsel's letter regarding Dr. Altman for the "the opposition" in their argument.  This argument is flawed for several reasons.  First, the letter does not raise any Defense expert's criticisms of Dr. Altman's logic.  Rather, the proposed Rule 11/29 letter requests Plaintiffs' counsel stipulate that Dr. Altman relied on Dr. Joyce's work for his TBI opinion in order to avoid Dr. Altman being deposed.   *See* Ex. "D" to Motion.   Nor does the letter raise any "new information" that may allow some part of Dr. Altman's late report to survive.   See *Omnicare* at *6.   Like the Millers, the Hinsons "offer no reasons why Dr. [Altman] could not have produced his analysis long before."   *Miller* at 1334.

Finally, the *Miller* and *Omnicare* Courts demonstrate why late expert reports like Dr. Altman's should not be permitted even in the face of opposing expert criticism.  In *Miller*, the Court found that the supplemental report improperly included "new data, analyses and theories that could have been included in the prior submissions".   Id.  Likewise, the Southern District rejected the expert's citing of opposing expert reports to "reassert the *correctness"* of the original opinions.  This type of bolstering is not a permissible use of supplement reports.  *See Omnicare* at *5; *See also Hernandez at  *3* (rejecting supplemental opinions based on information available to Defendant prior to original deadline*)*.   Dr. Altman's tardy report re-hashing available medical records to "clarify" his prior opinions, is on shakier ground than the expert reports in those cases and should be struck by this Court.

### C.    Plaintiffs' Remaining Arguments Also Fail

Plaintiffs make a series of factual statements and equitable arguments that are

inaccurate.  On multiple occasions the response states Dr. Altman's supplemental opinions are
"not new", that he "has always" opined C.H. suffered a brain injury, and that Defendant should
have known the supplemental report was inevitable.  Response at 8-9.  Dr. Altman's own
testimony refutes these statements.   In his deposition in the prior *Hinson v. Wal-Mart,* Dr.
Altman testified that there was no medical basis for a brain injury in C.H.'s medical history and
he expected C.H. to live a full and complete life.  *See* Exhibit "B" of Motion, Altman *Wal-Mart*
depo testimony at 35-36, 62-63 and 83-84).   Thus, Plaintiffs' disclosure of Dr. Altman's prior
reports and testimony did <u>not</u> suggest Dr. Altman would be diagnosing C.H. with a brain injury.[4]

Plaintiffs' also claim Defense counsel actually requested Dr. Altman's supplemental
report.  Nothing could be farther from the truth.  The undersigned was trying to eliminate the
need to depose Dr. Altman since it appeared from his reports and prior testimony that he was
solely relying on Dr. Joyce for the brain injury diagnosis.  Dr. Altman was merely citing the
medical impact of such a diagnosis for the Plaintiffs' life care planner to monetize.  See Exhibit
"C" of Motion at 11

Finally, Plaintiffs state that Dorel "hasn't even asked to conduct any testing of C.H." in
support of their arguments that Dorel will not be prejudiced.  Response at 10.  As the Court
knows, Dorel has been seeking an examination of C.H. and an interview of Ms. Hinson for many
months.  In fact, Dorel continues to seek additional information and testimony regarding C.H.'s
alleged brain injury to this day.  See Exhibit "A" (e-mails conferring on potential depositions
regarding C.H.'s alleged brain injury).

---

[4]If Dr. Altman's opinion has not changed, his supplemental report would be improper bolstering.
*See Omnicare*  at *5;

-5-

## CONCLUSION

For the foregoing reasons, Dr. Altman's March 8, 2016 report and any related testimony should be barred from the trial of this lawsuit.

Respectfully submitted,

/s/      Anthony A. Avey
Anthony A. Avey (Attorney-in-Charge)
AVEY & ASSOCIATES, PLLC
Texas State bar No. 00790250
14255 Blanco Road
San Antonio, Texas 78216
Telephone: (210) 308-6600
Facsimile: (210) 308-6939
tavey@aveylaw.com

Jonathan Judge (pro hac vice)
Matthew G. Schiltz (pro hac vice)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone:(312)258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com
mschiltz@schiffhardin.com

**ATTORNEYS FOR DEFENDANT
DOREL JUVENILE GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on 12th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF and a copy of the foregoing document was forwarded to all counsel of record.

_____ /s/   *Anthony A. Avey*
Anthony A. Avey