UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor; and CAMERON HINSON, Texas residents, <br><br> Plaintiffs <br><br> v. <br><br> DOREL JUVENILE GROUP, INC., a Massachusetts corporation, <br><br> Defendant. | Case No. 2:15-cv-00713-JRG-RSP |

**DEFENDANT'S MOTION FOR LEAVE TO TAKE SUPPLEMENTAL DEPOSITIONS AND REQUEST FOR EXPEDITED CONSIDERATION**

TO THE HONORABLE MAGISTRATE JUDGE ROY S. PAYNE:

COMES NOW Defendant Dorel Juvenile Group, Inc. ("DJG") and requests the Court's leave to take the supplemental depositions of Plaintiffs and Deborah Williams on the issue of C.H.'s alleged brain injury, as permitted by Fed. R. Civ. P. 30(a)(2)(A)(ii).

**I.
Introduction**

Defendant seeks leave to depose Plaintiffs' Nicole Hinson and Cameron Hinson and C.H.'s grandmother, Deborah Williams ("the witnesses") on Plaintiffs' new claim that C.H. suffered a brain injury in the subject accident. The witnesses were deposed January 13th and 14th of this year. Plaintiffs had not asserted the brain injury at the time. In fact, the witnesses' testimony was inconsistent with such an allegation.[1] Thus, DJG

---

[1] Defendant's Motion to Exclude Testimony of Dr. Arthur Joyce [Doc. No. 61] at p.9-10.

never had an opportunity to examine the witnesses about this new multi-million dollar damages allegation.

Counsel attempted to take these depositions by agreement. See Ex. "A" (conferral emails). Because the Court had previously implied it might be amenable to this approach, Defendant hoped Plaintiffs would agree. However, Plaintiffs have objected. *Id.* Despite the lack of agreement, Defendant agrees to limit any supplemental depositions to the issues surrounding C.H.'s alleged brain injury and the resulting damages. Leave should be granted to allow these depositions or Defendant will prejudiced in defending itself against these significant allegations.

## II.

## Good Cause Exists for the Supplemental Depositions

Rule 30 requires leave of court to take a deposition of a witness if "the deponent has already been deposed in the case". Fed. R. Civ. P. 30(a)(2)(A)(ii). Courts have found good cause exists to grant such leave "where a witness was inhibited from providing full information at the first deposition or *where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition*". *Kleppinger v. Texas Dept. of Transp.*, 283 F.R.D. 330, 332 (S.D. Tex. 2012) *citing Keck v. Union Bank of Switz.*, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) (emphasis added).

When the Hinsons and Ms. Williams were deposed Plaintiffs' Complaint contained no allegation of C.H.'s brain injury. Plaintiff's damages allegations were limited to C.H.'s spinal cord injuries. Original Complaint, parag. 9 & 19. Plaintiffs only added those allegations approximately six weeks ago. First Amended Complaint, parag.

9, sent. 3 & 19, sent. 2. Plaintiffs' neuropsychologist expert, Dr. Joyce, was designated on February 5, 2016.[2]   That was the first time Defendant was notified Plaintiffs would be claiming C.H. suffered a traumatic brain injury.[3]

As the Court knows, Defendant has been seeking information regarding C.H.'s alleged brain injury ever since. *See* Motion to Compel Examination of Minor C.H. [Doc. No. 29]. Defendant should now be allowed to explore these new allegations of brain injury. *See Kleppinger, 283* F.R.D. at 334 (allowing second deposition to examine witness on new information unavailable at first deposition); *See also* Holmes v. North Texas Health Care Laundry Cooperative Association, 3:15-cv-2117-L  (N.D. Tex. May 6, 2016) (same).

Plaintiffs have objected to the supplemental depositions on the grounds the discovery period ended.  See Exhibit "A".  However, the parties have been conducting discovery by agreement after the March 25, 2016 discovery deadline.  In fact, Plaintiffs have deposed three of Defendant's witnesses since that date – expert Dr. Jeya Padmanaban (4/29/16), Dorel employee Mr. Ryan Hawker (5/5/16), and expert Dr. Lisa Gwyn (5/6/16).   Further, Defendant has been attempting to speak with Ms. Hinson and Ms. Williams about these issues well before the end of the discovery period.  *See* Motion to Compel Examination of Minor C.H and Exhibit "A" (conferral emails) thereto. [Doc. No. 29].

### III.

### CONCLUSION

---

[2] Dr. Joyce conducted his tests on C.H. on January 5-6, 2016.  Plaintiffs could have avoided this dispute by disclosing those tests prior to the witnesses' depositions the following week.
[3] Prior to the witnesses' depositions, the available evidence showed Plaintiffs would not be alleging brain injury damages. See Ex. "B", Altman depo in Wal-Mart case.

Good cause exists for the Court to grant Defendant leave to take supplemental depositions Plaintiffs and Ms. Williams on the issues related to C.H.'s alleged brain injury

## IV.

### REQUEST FOR EXPEDITED CONSIEDERATION

Due to the upcoming jury selection and trial date and Defendant's need for this evidence to prepare for trial, Defendant respectfully requests the Court consider this motion on an expedited basis.

Dated:  May 20, 2016                    DOREL JUVENILE GROUP, INC.


/s/ Anthony A. Avey_____
Jonathan Judge (pro hac vice)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com

Anthony A. Avey
AVEY & ASSOCIATES PLLC
14255 Blanco Rd.
San Antonio, TX   78216
(210) 308-6600
(210) 308-6939 – facsimile
tavey@aveylaw.com

Attorneys for Defendant Dorel Juvenile Group, Inc.

## CERTIFICATE OF CONFERENCE

  I hereby certify that I have conferred with Plaintiffs' counsel regarding the relief requested in this motion and they oppose the relief requested in said Motion.

            By: */s/ Anthony A. Avey*
              Anthony A. Avey

## CERTIFICATE OF SERVICE

  I hereby certify that on 20th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF and a copy of the foregoing document was forwarded to all counsel of record.

              */s/ Anthony A. Avey*
              Anthony A. Avey