UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **NICOLE HINSON, Individually and as Next Friend of C.H., a Minor; and CAMERON HINSON, Texas residents,** | § § § § | |
| Plaintiffs | § § | Cause No. 2:15-cv-713-JRG-RSP |
| v. | § § § | Jury Demand |
| **DOREL JUVENILE GROUP, INC., a Massachusetts corporation** | § § § | |
| Defendant. | | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Nicole Hinson, Individually and as Next Friend of C.H., a Minor, and Cameron Hinson file this Sur-Reply Brief in support of their Response to Defendant's Motion for Summary Judgment:

**I.**

**ARGUMENT AND AUTHORITIES**

Defendant's Reply Brief urges this Court to grant summary judgment based on the notion that Plaintiffs must present evidence that Dorel specifically foresaw C.H.'s thoracic spinal cord injury and that it was impossible to foresee a thoracic injury to a child in a forward-facing child restraint. Texas law does not require evidence of the foreseeability of the exact injury involved in a case. However, even if that were required, there is such evidence in this case. A 2012 paper titled "Protection of Children in Cars" makes clear that thoracic injuries are a well-recognized injury modality for young children placed in forward-facing child restraints. The paper notes that based on a review of accident data, thoracic region injuries comprise 8% of serious child injuries

1

in forward-facing child restraints.[1] Moreover, the percentage of serious thoracic level injuries is actually comparable to the rate of serious neck/spine injuries. Dorel itself was involved in the work leading to the paper.[2] In addition, Dorel's own documents note the benefits a rear-facing position provides to protect a child's back and the pelvis regions from injury (the very area where the thoracic spine is located).[3] Clearly, by noting the beneficial protection provided to the pelvis and back area for young children to be rear facing, Dorel was aware that neck/cervical injuries were not the only concern.

Using very caustic and dismissive language, Dorel disputes that it was foreseeable that a child's shoulder harness may be loose and allow him/her to come out from the harness while seated in a forward-facing seat. Given the predominance of frontal collisions, such a scenario would expose a child to a possible spinal cord injury resulting from a restrained pelvis and an unrestrained upper body. These types of injuries are known as "seatbelt syndrome"[4] injuries. Dorel's vitriolic argument is undermined by its own experts' testimony. Dr. Van Arsdell, opined it is likely that C.H. himself removed his shoulder harness:

> Q: Are you saying that you do not have an opinion one or the other whether Nicole Hinson or C.H. wiggled himself into that position on his own.
>
> A: I don't. Given the testimony of Ms. Hinson, it sounds more likely that C.H. himself took the straps off his shoulders.[5]

Similarly, Dr. Gwin, Dorel's biomechanical expert, explained her opinion that C.H. was not properly wearing his shoulder harness at the time of the crash and noted how easily a child could have removed the straps:

---

[1] Johannsen, 10th International Conference, Protection of Children in Cars, Munich, December 6-7, 2012, section 3.1.1 and Figure 3 (page 9) (the thorax and spine injury region was found to comprise the same percentage of serious injuries as the neck region). Exhibit A.
[2] Johannsen, 10th International Conference, Protection of Children in Cars, Munich, December 6-7, 2012, page 7 (noting Dorel performed a series of tests used to support the study). Exhibit A.
[3] *See* Dorel CRS Restraints Powerpoint Presentation, page 26. Exhibit B.
[4] Achildi, Lapbelt Injuries and the Seatbelt Syndrome in Pediatric Spinal Cord Injury. Exhibit C.
[5] William Van Arsdell Depo. p. 58, lns. 18-24. Exhibit D.

> . . . and we don't know how it got there, although I can't imagine any mother who loves her child doing that. It certainly could have been that C.H. himself, being a squiggly two-year old, did that.[6]

There is no evidence that C.H. was anything other than a normal 22-month old baby boy at the time of the accident. As Dr. Gwinn noted, 22-month old boys tend to be "squiggly." It was certainly foreseeable to Dorel that a child between the ages of 1 and 2 could remove themselves from their shoulder harness. While in the strictest sense, the 1 to 2 year-old child involved would be "mis-using" the shoulder harness, it is certainly a real-world reality that was foreseeable to Dorel. That risk, among many others, is why rear-facing car seats, which allow the structure of the seat back to protect or cocoon a child's back and neck during a crash, provide greater protection.

The safety risks posed to children by being forward-facing too early are not limited solely to the cervical spine or neck region. Otherwise, Dorel's own focus on the injury prevention for a child's back and pelvic region provided by being rear-facing would not make any sense if the only concern were neck injuries. Moreover, the foreseeability of a young child losing their shoulder harness and being exposed to seatbelt syndrome injuries to their thoracic region if they are forward-facing was also imminently foreseeable.

### III.

### **PRAYER**

For the above reasons, Plaintiffs re-urge this Court to deny Dorel's Motion for Summary Judgment.

---

[6] Lisa P. Gwin, D.O., Depo. p. 91, lns. 5-10. Exhibit E.

Respectfully submitted,

/s/Jeffrey T. Embry
Jeffery T. Embry
State Bar No. 24002052
Attorney-in-Charge
George Cowden IV
State Bar No. 24071492
Kyna J. Adams
State Bar No. 24041792
Hossley & Embry, LLP
320 South Broadway Avenue, Suite 100
Tyler, Texas 75702
Ph. (903) 526-1772
Fax (903) 526-1773
jeff@hossleyembry.com
george@hossleyembry.com
kyna@hossleyembry.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and correct copy of this Motion was served on counsel for defendant via electronic means on this 25th day of May, 2016.

/s/Jeffrey T. Embry
Jeffery T. Embry