## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

NICOLE HINSON, Individually and as    )
Next Friend of C.H., a Minor; and     )
CAMERON HINSON, Texas residents,      )
                                      )
     Plaintiffs                )     Case No. 2:15-cv-00713
                                      )
    v.                        )
                                      )
DOREL JUVENILE GROUP, INC., a         )
Massachusetts corporation,            )
                                      )
     Defendant.                )

## DEFENDANT DOREL JUVENILE GROUP, INC.'S MOTION *IN LIMINE*
## NO. 15 TO BAR UNDISCLOSED EXPERT TESTIMONY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant Dorel Juvenile Group, Inc. ("Dorel"), by counsel, who submits this Motion *in Limine*, and requests that the Court rule in advance that undisclosed, untimely-disclosed, or otherwise improperly-disclosed expert testimony should be excluded from evidence at trial.

### INTRODUCTION

Dorel anticipates that Plaintiffs may try to introduce undisclosed experts or new opinions from their designated experts that were not contained in their reports or depositions.  Any new expert testimony that Plaintiffs might try to offer would be untimely.  The deadline for expert disclosures has long passed. (Doc. 10.)

Rule 37(c)(1) authorizes the Court to bar a party from presenting evidence at trial that it did not timely disclose, unless that party proves the failure was "substantially

justified or harmless." *Wilson v. Navika Capital Grp., LLC,* No. 4:10-CV-1569, 2014 WL 223211, at *7 (S.D. Tex. Jan. 17, 2014). Because Plaintiffs' failure to disclose any new experts or expert opinions would be neither substantially justified nor harmless, this Court should exclude any new experts or opinions. Fed. R. Civ. P. 37(c); *see also Hayward v. Landry*, CIV.A. 02-927-JJB, 2006 WL 5249691, at *2 (M.D. La. Oct. 30, 2006) (excluding expert opinion not previously disclosed in expert report); *Asher v. Unarco Material Handling, Inc.*, No. 6:06-548-DCR, 2008 WL 2596612, at *3 (E.D. Ky. June 25, 2008) (precluding experts from testifying to tests not previously disclosed and limiting testimony to opinions expressed in previous reports); *In re Motor Fuel Temperature Sales Prac. Litig.*, No. 07-1840-KHV, 2012 WL 162395, at *4 (D. Kan. Jan. 19, 2012) (same).

## A. Plaintiffs Should Not Be Allowed To Offer Undisclosed Experts

Dorel anticipates that Plaintiffs may offer expert opinions from witnesses they did not disclose as retained or non-retained experts as required by Rule 26 and this Court's scheduling order. Plaintiffs cannot justify failing to timely disclose an expert; jury selection is days away, and Dorel has no time to discover or challenge any new expert's opinions. Because untimely expert disclosure "unfairly inhibits its opponent's ability to properly prepare," any new experts should be excluded. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 279 (4th Cir. 2005); *see also, Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (trial court did not abuse discretion by excluding expert witness who was not timely disclosed because "disruption to the schedule of the court and other parties … is not harmless.").

In this case, Plaintiffs disclosed their intent to use an expert, Norma Hubele, as a possible rebuttal expert to the opinions of defense expert Jeya Padmanaban.  Ms. Hubele never issued or served an expert report.  Thus, she should be barred from testifying at trial.

**B.     Plaintiffs' Experts Should Not Be Allowed to Offer Undisclosed Rebuttal on the Testing Conducted by Defendant's Experts.**

Dorel anticipates that Plaintiffs' experts may offer new and undisclosed opinions at trial opinions to try and rebut the substance of significance of testing conducted by defense experts in this case.

Plaintiff experts Gary Whitman and Michelle Hoffman issued initial reports, and, at the insistence of Plaintiffs' counsel, were not deposed until after Defendant's experts had issued their reports, so that Plaintiffs' experts could review them first.  Neither Mr. Whitman nor Ms. Hoffman has issued any supplemental or rebuttal reports after their depositions.

Defendant's expert testing in this case revealed that the damage to the shoulder belt bar on C.H.'s Summit differed materially from the damage to the shoulder belt bar in properly-used seats from testing conducted for this case.  (Van Arsdell Report pp. 11–12, Ex. A).   Neither Mr. Whitman nor Ms. Hoffman has opined at all on this issue to date.  They should be barred from doing so for the first time at trial.

The only opinion Mr. Whitman offered about Defendant's testing at all in his deposition was about differences he saw in a single photo between the chest clip in C.H.'s seat and the clip in one of the tested seats. Mr. Whitman should be barred from

offering any further, new opinions or answering additional hypotheticals at trial about the nature, manner, or other evidence left behind by Defendant's tests.

Ms. Hoffman offered no opinions at all about Defendant's expert testing in her deposition. She should be barred from offering new opinions or answering any additional hypotheticals about the testing at trial.

Because Plaintiffs' failure to timely disclose any new experts or rebuttal expert opinions would constitute trial by ambush and for that reason be unfairly prejudicial, this Court should limit their testimony to the opinions disclosed in their reports and the actual testimony presented in their depositions.

Respectfully submitted,

/s/ Jonathan Judge
Anthony A. Avey (Attorney-in-Charge)
AVEY & ASSOCIATES, PLLC
Texas State Bar No. 00790250
14255 Blanco Road
San Antonio, Texas 78216
Telephone: (210) 308-6600
Facsimile: (210) 308-6939
tavey@aveylaw.com

Jonathan Judge (pro hac vice)
Matthew G. Schiltz (pro hac vice)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com
mschiltz@schiffhardin.com

**ATTORNEYS FOR DEFENDANT**
**DOREL JUVENILE GROUP, INC.**

## **CERTIFICATE OF CONFERENCE**

The parties have conferred by telephone and were unwilling to reach agreement on motions in limine.  The parties will continue to work to resolve their differences.

s/ Jonathan Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be filed on May 27, 2016, with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing and a link to a copy of the document to all attorneys of record.

/s/ Jonathan Judge

Jonathan Judge