# EXHIBIT A

## PLAINTIFFS' OBJECTIONS TO DOREL'S DEPOSITION DESIGNATIONS

Plaintiffs assert the following objections to the deposition designations identified in Defendant Dorel's Pretrial Disclosures:

### A.  Mark Anderson, MD

| PAGE/LINE | OBJECTION(S) |
|---|---|
| 4:15-25 | -Unduly prejudicial because it identifies the prior Wal-Mart litigation.<br>-Would confuse and/or mislead the jury.<br>FRE 403 |
| 15:15-16:3 | -Add 16:4-12 for completeness |
| 40:20-41:5 | -Lack of foundation<br>-Calls for speculation<br>-Improper expert opinion due to failure to establish qualifications and reliability as to that subject matter. FRE 702<br>-Not relevant due to vagueness of question. FRE 402 |
| 41:14-42:4 | -Lack of foundation<br>-Calls for speculation<br>-Not relevant due to vagueness of question. FRE 402 |

### B.  Bill Hagerty

Plaintiffs object to the deposition designations of Mr. Hagerty in their entirety. In the prior litigation, he was designated as an expert regarding the liability of Wal-Mart, the tire retailer that sold and placed the tires on the vehicle that struck the Hinson family. Specifically, Mr. Hagerty opined that placing new tires on the front axle was negligent. During the discovery process in this case, Plaintiffs produced the expert materials and deposition testimony of Mr. Hagerty from the prior lawsuit. Dorel now seeks to designate such prior testimony in this case. His opinions, though, are irrelevant to the issues in the current case, which is solely related to C.H.'s car seat. Specifically, Mr. Hagerty testified that he was not opining on causation, and

Dorel has no expert testimony to link the placement of the tires (on the front axle as opposed to the rear axle) to the accident. Dorel's own accident reconstruction expert does not offer any opinion regarding Wal-Mart's placement of the new tires on the front axle, or how it may have been causal.

Moreover, the probative value that any of Mr. Hagerty's testimony may have is substantially outweighed by the danger of unfair prejudice. It would also confuse and/or mislead the jury, particularly because it would bring into play issues and testimony entirely unrelated to this case. *See* FRE 401, 402, and 403. In addition, Dorel has not established a proper foundation allowing Mr. Hagerty's expert testimony. The short excerpts from Mr. Hagerty's deposition that Dorel has designated are not adequate, as his credentials were not established by any of the proposed testimony. *See* FRE 702 and 703.

Dorel has also failed to establish that Mr. Hagerty is unavailable or that his deposition testimony is otherwise admissible. Generally, the rules exclude testimony from a prior proceeding as hearsay. Rule 32 permits depositions from prior proceedings to be introduced in limited circumstances.  The Fifth Circuit, in interpreting the Rule, has specifically stated that "[a] deposition may not be introduced into the record at a trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission." *See Powertrain, Inc. v. Ma*, 88 F.Supp. 3d 679, 688 (N.D. Miss. 2015), *aff'd,* No. 15-60132, 2016 WL 43702 (5th Cir. Jan 4, 2016), *citing Jaunch v. Corley*, 830 F.2d 47, 49-50 (5th Cir. 1987); accord *Battle v. Memorial Hospital at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000). Dorel has not met the requirement of Rule 32(a)(8), which states that depositions from an earlier action may be used in a later one if the later action involves the same subject matter, and is between the same parties. *See* FED. R. CIV. P. 32(a)(8).

In the *Powertrain* case, Plaintiff Powertrain sought to admit deposition testimony from a prior action against Defendant Ma. In the prior action, where the subject deposition was taken, Powertrain and Ma were both also parties. The case resolved and Powertrain then sued Ma in a subsequent suit. Powertrain attempted to admit the subject depositions from the prior suit in its new suit against Ma, but the Court ruled that the subject depositions were inadmissible under Rule 32(a)(8) because the prior action did not involve the "same parties." It reasoned that, even though Powertrain and Ma were both also parties to the new suit, they were not the "same parties" because their interests were not aligned in that case. Their interests were obviously opposed in the subsequent suit as Powertrain was the one suing Ma. The Court stated that "of ultimate importance to a district court faced with such an admissibility question is whether the other party will have a fair opportunity to address or challenge the deposition testimony at the trial." *Powertrain,* 88 F.Supp. 3d at 690. The Court went further to state that Ma's involvement in the subject depositions were not "calculated to induce as thorough a cross-examination as the interest of [Ma}" in the subsequent case would require. *Id.*

The *Powertrain* Court's reasoning is applicable to the instant case. Here, the Plaintiffs were technically a party to the Wal-Mart case in which Mr. Hagerty was deposed. However, like Ma in *Powertrain*, Plaintiffs' interests, motives, and incentives were very different at the time of the deposition. Indeed, Mr. Hagerty was Plaintiffs' own expert and Dorel now seeks to use his testimony against them. Similarly to *Powertrain*, there is a significant conflict in Plaintiffs' interest in the Wal-Mart case and the case at hand. Dorel has never noticed or subpoenaed Mr. Hagerty for deposition. It appears they made no attempt to depose him. Plaintiffs had no opportunity to cross-examine Mr. Hagerty in light of the product liability claims against Dorel. Moreover, Plaintiffs should not be forced to accept questions posed by Wal-Mart's counsel.

3

The bottom line is that Mr. Hagerty's deposition was between different parties, involved different issues, causes of actions, and defenses. If Dorel sought to rely on Mr. Hagerty as an expert in this case, they could and should have deposed him, which would have afforded Plaintiffs the opportunity to cross-examine him on the issues and incentives involved in the current case such as causation of C.H.'s injuries related to the subject car seat.

In addition to the above objections to Mr. Hagerty's deposition testimony in its entirety, Plaintiffs hereby make the following objections to specific portions of his deposition:

| PAGE/LINE | OBJECTION(S) |
|---|---|
| 10:19-11:7 | -Not relevant because it is discussing the standard of care for tire manufacturers. FRE 402 |
| 11:21-12:6 | -Not relevant because it is discussing the standard of care for tire manufacturers. FRE 402 |
| 24:17-25 | -Calls for speculation -Incomplete hypothetical Lack of foundation |

**C.  Stacy Tilley – November 12, 2014 Deposition**

Plaintiffs object to Ms. Tilley's deposition in its entirety. Ms. Tilley was the driver of the vehicle that struck the Hinson family, and was a party to the prior lawsuit which also involved the retailer of her vehicle's tires, Wal-Mart. Any information about that lawsuit is not relevant because it involved the cause of the accident, rather than the products liability claim related to C.H.'s car seat. Moreover, any probative value that her testimony may have is substantially outweighed by the danger of unfair prejudice in this case. It will also confuse and/or mislead the jury. Also, if specifics regarding the prior lawsuit are disclosed, then undue delay would result because the parties would essentially be required to engage in a "mini-trial" in order to provide

the jury with substantive information about that litigation in an effort to help them understand the differences between the two. *See* FRE 401, 402, and 403.

In addition to the above objections to Ms. Tilley's deposition testimony in its entirety, Plaintiffs hereby make the following objections to specific portions of her deposition:

| Page/Line | Objection(s) |
|---|---|
| 9:25-10:24 | -Lack of personal knowledge about Exhibit 4. Exhibit 4 was a copy of a disclaimer form from Wal-Mart. Ms. Tilley did not recall signing the document.<br>-Authentication. FRE 901 |
| 20:5-14 | -Lack of personal knowledge about Exhibit 2. Exhibit 2 was a copy of Plaintiffs' Second Amended Petition in the prior lawsuit. Ms. Tilley did not recall ever seeing the document before.<br>-Foundation |
| 31:15-23 | -Hearsay. FRE 801/802 |

### D. Danny Phillips

Plaintiffs object to Mr. Phillips' deposition in the prior case in its entirety. Mr. Phillips' testimony and opinions in the prior case is not relevant to the issues in this case. That suit involved the cause of the accident, rather than the products liability claim related to C.H.'s car seat. Moreover, any probative value that his testimony in the prior lawsuit may have is substantially outweighed by the danger of unfair prejudice. It will also confuse and/or mislead the jury. And, if specifics regarding the prior lawsuit are disclosed, then undue delay would also result, because the parties would essentially be required to engage in a "mini-trial" in order to provide the jury with substantive information about that litigation in an effort to help them understand the differences between the two. *See* FRE 401, 402, and 403.

5

In the event the Court allows references to Mr. Phillips' prior expert testimony, Plaintiffs request that Dorel be limited to referencing it only to the extent necessary for impeachment of any inconsistencies therein.

In addition to the above objections to Mr. Phillips' deposition testimony in its entirety, Plaintiffs also make the following objections to specific portions of his deposition:

| PAGE/LINES | OBJECTION(S) |
|---|---|
| 10:3-5 | -Not relevant because it is an opinion on Ms. Tilley's liability. FRE 402 |
| 36:10-37:4 | -Calls for speculation<br>-Assumes facts not in evidence |

## E.  Tommy Barrett

| PAGE/LINES | OBJECTION(S) |
|---|---|
| 17:7-14 | Hearsay. FRE 801/802 |
| 17:21-25 | Hearsay. FRE 801/802 |
| 19:11-14 | Relevance because whether Ms. Tilley's tires would have passed inspection is not relevant to C.H.'s car seat. FRE 402. |
| 19:23-20:6 | Relevance because Ms. Tilley's tire purchase is not relevant to C.H.'s car seat. FRE 402<br>Calls for speculation.<br>Foundation. |

## F.  Stacy Tilley March 26, 2014 Deposition

Plaintiffs object to Ms. Tilley's deposition in its entirety. Ms. Tilley was the driver of the vehicle that struck the Hinson family, and was a party to the prior lawsuit which also involved the retailer of her vehicle's tires, Wal-Mart. Any information about that lawsuit is not relevant because it involved the cause of the accident, rather than the products liability claim related to C.H.'s car seat. Moreover any probative value that her testimony may have is substantially outweighed by the danger of unfair prejudice. It will also confuse and/or mislead the jury in this case. And, if specifics regarding the prior lawsuit are disclosed, then undue delay would result

because the parties would essentially be required to engage in a "mini-trial" in order to provide the jury with substantive information about that litigation in an effort to help them understand the differences between the two. *See* FRE 401, 402, and 403.

In addition to the above objections to Ms. Tilley's deposition testimony in its entirety, Plaintiffs hereby make the following objections to specific portions of her deposition:

| PAGE/LINES | OBJECTION(S) |
|---|---|
| 13:1-6,<br>13:17-19,<br>13:25-14:6<br>15:1<br>15:13-16:20 | -Lack of personal knowledge about Exhibit 1. Exhibit 1 was a vehicle inspection maintenance report. Ms. Tilley did not have any personal knowledge of the document.<br>-Authentication. FRE 901<br>-Foundation |
| 19:2-20:2 | Hearsay. 801-802<br>Lack of personal knowledge about Exhibit 2. Exhibit 2 was an excerpt from Wal-Mart's website of which Ms. Tilley had no personal knowledge. |

Plaintiffs have also filed Motions in Limine regarding the above objections to certain witness' testimony in its entirety.

For the foregoing reasons, Plaintiffs pray that the Court sustain their objections to Dorel's deposition designations.