## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| NICOLE HINSON, Individually and as<br>Next Friend of C.H., a Minor; and<br>CAMERON HINSON, Texas residents, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:15-cv-00713 |
| v. | ) ) ) | |
| DOREL JUVENILE GROUP, INC., a<br>Massachusetts corporation, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT DOREL JUVENILE GROUP, INC.'S
## RESPONSE TO PLAINTIFFS' SUR-REPLY IN OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In short, Plaintiffs' sur-reply makes clear once and for all why Dorel's summary judgment motion should be granted.  C.H.'s Summit was manufactured on March 2, 2012.  In response, Plaintiffs now point to an article (Sur-Reply, Ex. A) from **December of 2012** (over 9 months afterward).  Even then, it is a presentation from a seminar in Germany, not an article in general circulation, and the article says nothing at all about spinal cord injuries, much less about the risk of forward-facing versus rear-facing with respect to the causation of such injuries, which is the entire underlying risk of which Plaintiffs claim Dorel should have been aware with respect to C.H.  Plaintiffs also add a bunch of articles about children sitting in lap-only seat belts (e.g., Pls. Sur-Reply, Ex. C), but this is a case challenging the performance of a harness car seat with shoulder straps, not an automotive seat belt.

The point remains: Plaintiffs cannot identify a single person or resource who thought, at the time C.H.'s Summit was made, that a thoracic spinal cord injury of any kind was a foreseeable risk of using a five-point harness seat like the Summit forward-facing versus rear-facing.  This latest article, from nine months after manufacture, is the best Plaintiffs can do, and it doesn't at all support Plaintiffs' position.

The fact remains that C.H. is the first and only child known to have suffered *any* type of thoracic spinal cord injury in a harness car seat, much less to have established such a risk from being forward- versus rear-facing. A fluke injury mechanism that has happened only to the plaintiff is insufficient as a matter of law to establish a marketing defect.  *See Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 193 (Tex. 2004).

Plaintiffs also continue their speculation about the effect of wriggling children and C.H.'s injury risk, even though there is no evidence of any other child in the history of the world previously suffering this type of injury in a harnessed child car seat, with loose harness straps or tight, forward-facing or rear-facing.  Post-hoc argument of counsel is the antithesis of the required notice of risk at the time of product manufacture.

Defendant's motion should be granted.

Respectfully submitted,


/s/ Jonathan Judge
Anthony A. Avey (Attorney-in-Charge)
AVEY & ASSOCIATES, PLLC
Texas State Bar No. 00790250
14255 Blanco Road
San Antonio, Texas 78216
Telephone: (210) 308-6600
Facsimile: (210) 308-6939
tavey@aveylaw.com

Jonathan Judge (pro hac vice)
Matthew G. Schiltz (pro hac vice)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com
mschiltz@schiffhardin.com

**ATTORNEYS FOR DEFENDANT
DOREL JUVENILE GROUP, INC.**


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I caused the foregoing to be filed on May 31, 2016, with the

Clerk of Court using the CM/ECF System, which will automatically send e-mail

notification of such filing and a link to a copy of the document to all attorneys of record.


-

/s/ Jonathan Judge
Jonathan Judge


-3-