IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> DOREL JUVENILE GROUP, INC., <br><br> Defendant. | § § § § § § § § § § § § | Case No. 2:15-cv-713-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Strike Dorel Juvenile Group, Inc.'s Responsible Third Party Designations of Trinity Mother Frances Hospital, Mark Anderson, M.D. and Deborah Williams. (Dkt. No. 59; "Motion to Strike").

**I. LAW**

The Texas Civil Practice and Remedies Code prescribes the manner in which a defendant must designate allegedly responsible third parties for purposes of determining comparative fault in a tort action:

> A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

Tex. Civ. Prac. & Rem. Code § 33.004(a).

Plaintiffs may move to strike such a designation if there is insufficient evidence that the designated person or entity was responsible for any part of Plaintiffs' injury or damages:

> After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient

evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

Tex. Civ. Prac. & Rem. Code § 33.004(l).

The elements of negligence are "the existence of a duty on the part of one party to another; a breach of that duty; and damages to the party to whom the duty was owed proximately caused by the breach of the duty." *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 376 (Tex. 1984).

## II. ANALYSIS

### A. Trinity Mother Frances Hospital and Mark Anderson, M.D.

In its Response, Defendant Dorel represents that it "withdraws its request for a responsible third party jury submission as to Trinity Mother Frances Hospital and Mark Anderson, M.D. After a thorough review of the available evidence, DJG agrees that the discovery process did not yield sufficient evidence that would support these designations." (Dkt. No. 91 at 1).

Accordingly Defendant's designations of Trinity Mother Frances Hospital and Mark Anderson, M.D. are withdrawn and Plaintiffs' Motion to Strike is denied as moot with respect to these parties.

### B. Deborah Williams

Deborah Williams is Minor Plaintiff C.H.'s maternal grandmother. Defendant contends that Ms. Williams was one of C.H.'s primary caregivers following the car accident. Defendant further contends that Ms. Williams delayed approximately four days in seeking medical treatment for C.H. and that this delay caused or worsened C.H.'s injuries. *See* (Dkt. No. 91 at 2–3).

Defendant identifies sufficient evidence to raise a genuine issue of fact. Ms. Williams and Nicole Hinson testified that C.H. failed to walk, run, or stand in the four days following the accident and showed signs of an inability to physically support himself. (Dkt. No. 91-1 at 36:20–37:3; Dkt. No. 91-2 at 84:15–85:2). Plaintiffs' expert Dr. Mackenzie indicated that the four-day time period between C.H.'s injury and treatment may have limited the range of available treatment opinions. (Dkt. No. 91-3 at 2) ("Neurosurgery decided that no surgery would be of any benefit due to length of time from the injury. They also noted that there was no indication for corticosteroids this far out from injury."). Defendant's expert has similarly opined that steroids were unavailable due to the length of time between injury and treatment. (Dkt. No. 91-4 at 2–3). These facts could permit a reasonable jury to find negligence.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Responsible Third Party Designations (Dkt. No. 59) is **DENIED**.

**SIGNED this 7th day of June, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE