**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Case No. 2:15-cv-713-JRG-RSP |
| DOREL JUVENILE GROUP, INC., | | |
| Defendant. | | |

## **MEMORANDUM ORDER**

Before the Court is a Motion to Transfer Venue by Defendant Dorel Juvenile Group, Inc. ("Dorel") (Dkt. No. 14). Dorel argues that this case should be transferred to the Tyler Division of this District. Plaintiffs oppose transfer. (Dkt. No. 16) The Court finds that transfer is not warranted.

**I. LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of

compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* "The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013).

The plaintiff's choice of venue is not a factor in transfer analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315; *see also Radmax*, 720 F.3d at 288. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## II. ANALYSIS

### A. Proper Venue for the Case

Neither party disputes that venue is proper in the Eastern District of Texas. *See, e.g.* (Dkt. No. 14 at 3).

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

This case is about an alleged design or marketing defect associated with a child car seat. Plaintiff contends that Dorel designed and marketed the subject car seat from its headquarters in

Foxborough, Massachusetts or its technical design center in Columbus, Indiana. *See* (Dkt. No. 16-4). No party has identified any relevant Dorel evidence located elsewhere. Dorel's evidence is therefore approximately equidistant from Marshall, Texas and Tyler, Texas.

The auto accident giving rise to Plaintiff's claims occurred near Big Sandy, Texas "close to the Upshur County line," within feet of the border between the Marshall and Tyler divisions of this district. (Dkt. No. 14 at 2); (Dkt. No. 14-2) (images of Upshur County line adjacent to the accident site). This location is roughly 20 miles from Tyler, Texas and 50 miles from Marshall, Texas. Plaintiffs were treated at the Trinity Mother Frances Hospital in Tyler. Minor Plaintiff C.H. received some subsequent treatment at Children's Medical Center and Our Children's House at Baylor, both located in Dallas.

The first responding EMS medical personnel on the scene of the accident are based in Longview, Texas, and were deposed there. *See* (Dkt. Nos. 16-9, 16-10). Longview is approximately 15 miles closer to Marshall than to Tyler. Likewise, C.H.'s paralyzing injury was first diagnosed at Good Shepherd Medical Center in Longview and he was transported from Longview to Dallas on the orders of a Longview physician. (Dkt. No. 16-11). The doctors and therapists currently treating C.H. are also in Longview. (Dkt. No. 16-5, 16-6).

On balance, some sources of proof are more proximate to Tyler, some are more proximate to Marshall, and some are located out of state and equidistant from both divisions. This factor is neutral.

    **2.    Cost of Attendance for Willing Witnesses**

The distance witnesses must travel for trial, even if under 100 miles, is an important factor in the transfer analysis. *In re Radmax*, 720 F.3d at 289 ("We did not imply, however, that a transfer *within* 100 miles does not impose costs on witnesses or that such costs should not be

factored into the venue-transfer analysis, but only that this factor has greater significance when the distance is greater than 100 miles.").

Dorel does not identify where any of the witnesses under its control are located, but all of Plaintiff's identified sources of Dorel evidence are located in Massachusetts and Indiana. (Dkt. No. 16 at 5). Marshall and Tyler are therefore effectively equidistant for these witnesses.

The only identified witnesses to the accident are Plaintiffs and the driver of the opposing vehicle, Stacey Tilley. Plaintiffs represent that all of these witnesses presently reside in Longview. (Dkt. No. 16 at 8). Plaintiffs particularly emphasize the proximity of Marshall to Longview in light of C.H.'s medical and therapeutic needs. As previously noted, the first responders who arrived at the scene of the accident are also located in Longview.

Since the willing witnesses reside either closer to Marshall than to Tyler, or equidistant from both, this factor disfavors transfer.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Because Tyler is less than 100 miles from Marshall, the Marshall division has subpoena power over Tyler residents (and vice versa). Dorel identifies a single class of witnesses over which the Tyler division, but not the Marshall division, has absolute trial subpoena power—treating physicians and staff at Children's Medical Center and Our Children's House at Baylor, both in Dallas.

Plaintiffs respond that the Dallas medical professionals will be called by deposition if their testimony is needed at trial. *See* (Dkt. No. 16 at 6). Defendant does not contest this representation and do not argue that relying on deposition testimony for these witnesses would cause inconvenience or prejudice. Federal Rule of Civil Procedure 45 gives Courts nationwide subpoena power for purposes of depositions. Accordingly, the Marshall and Tyler divisions have

the same powers of compulsory process for all purposes relevant to this case; this factor is neutral. *See Virtualagility, Inc. v. Salesforce.com, Inc.*, Case No. 2:13-cv-11-JRG, 2014 U.S. Dist. LEXIS 12015 at *14–18 (E.D. Tex. Jan. 31, 2014) ("The proper [§ 1404(a)] inquiry, under newly amended Rule 45, is then how much, if at all, Defendants might be inconvenienced by having to rely on depositions as opposed to live attendance at trial.").

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Plaintiffs argue that the existence of related suits involving the same or similar issues impacts the venue analysis. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice"). Plaintiffs note that there was a related case pending in this district, *Hinson v. Wal-Mart Stores, Inc.*[1] That case arose from the same car accident at issue in the present action.

Although the theories of liability and facts in that case differed in some respects from this action, and although the *Wal-Mart* case is no longer pending, there will be meaningful judicial economy gains from trying both cases in the same judicial division. In view of this Court's familiarity with the *Wal-Mart* case, this factor weighs against transfer.

### C. Public Interest Factors

#### 1. Local Interest in Having Localized Interests Decided at Home

Defendant contends this factor is neutral. (Dkt. No. 14 at 6–7). Plaintiffs contend that this factor favors Marshall because the Plaintiffs reside nearer to Marshall than to Tyler. (Dkt. No. 16 at 10–11).

---

[1] Case No. 2:14-cv-294.

The accident giving rise to this suit occurred on the county line separating the Tyler and Marshall divisions. At the time of the accident, Plaintiffs resided in the Marshall division and the other driver resided in the Tyler division. *See* (Dkt. No. 14-1). Both divisions have a roughly equal local interest in this case. This factor is neutral.

### 2. Administrative Difficulties Flowing From Court Congestion

Dorel argues that the Fifth Circuit has found this factor to be neutral between Tyler and Marshall. *In re Radmax*, 720 F.3d at 289. Plaintiffs argue that a judicial vacancy has arisen in the Tyler division since the *Radmax* case, so this factor now disfavors transfer. However, Plaintiffs cite no evidence that the Marshall and Tyler divisions differ in any meaningful way with respect to, e.g., average time to trial or average time to ruling. The Court concludes this factor is neutral.

### 3. Familiarity of the Forum With the Law that Will Govern the Case; and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties agree these two factors are neutral. (Dkt. No. 14 at 7; Dkt. No. 16 at 11).

### CONCLUSION

The factors, on the whole, do not show that Tyler is "clearly more convenient" than Marshall. Two factors disfavor transfer, the remaining six are neutral. Dorel's Motion to Transfer Venue (Dkt. No. 14) is **DENIED**.

**SIGNED this 7th day of June, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE