**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor, § § § Plaintiffs, § § v. § § DOREL JUVENILE GROUP, INC., § § Defendant. § § § § | Case No. 2:15-cv-713-JRG-RSP |

**ORDER ON MOTIONS *IN LIMINE*** 

Before the Court are Motions *in Limine* filed by Defendant Dorel Juvenile Group, Inc. ("Dorel") (Dkt. No. 131) and by Plaintiff Nicole Hinson ("Hinson") (Dkt. No. 118). The Court held a pretrial conference June 7, 2016 and heard oral arguments on these motions.

To the extent a motion *in limine* is granted, a party must approach the bench before introducing evidence or argument about the covered subject matter.

**I. Defendant's Motions *in Limine***

No. 1: Evidence or Argument Concerning the Filing of a Motion in Limine on any Topic Should be Excluded

**GRANTED** by agreement of the parties. (Dkt. No. 137).

No. 2: Evidence or Argument Concerning the Insurance Industry or Dorel's Insurance Coverage Should be Excluded, Including During Voir Dire

**GRANTED** by agreement of the parties. (Dkt. No. 137).

No. 3: Evidence or Argument Concerning Plaintiffs' Possible Taxation or the Need to Pay an Attorney Should be Excluded

**GRANTED** by agreement of the parties. (Dkt. No. 137).

No. 4: Evidence or Argument Concerning Literature not Discussing Thoracic Spinal Cord Injuries Should be Excluded

**DENIED**.

No. 5: Evidence or Argument Concerning EMS's Transfer of C.H. to the ER in a Rear-Facing Direction/Seat Should be Excluded

**GRANTED** by agreement of the parties. (Dkt. No. 137).

No. 6: Evidence or Argument Concerning Discovery Conduct Should be Excluded

**GRANTED** as to discovery conduct generally. However, Plaintiff may reference the materials that were produced and the witnesses that were designated to respond to Rule 30(b)(6) notices, including the extent of their knowledge on the designated topics.

No. 7: Evidence or Argument Concerning Counsel's Compensation or the Location of Their Offices Should be Excluded

**GRANTED** by agreement of the parties. (Dkt. No. 137).

No. 8: Evidence or Argument Concerning Dorel's Profit Margins or Supposedly Nefarious Marketing Motives Should be Excluded

**GRANTED-IN-PART** as to the amount of Dorel's profits or profit margins. Otherwise **DENIED**.

No. 9: Evidence or Argument Concerning the Impact of C.H.'s Injuries on the Hinson Family Should be Excluded

**DENIED**.

No. 10: In-Court Demonstratives Should be Excluded Without a Prior Presentation Outside the Presence of the Jury

**GRANTED**. No demonstrative or demonstration may be presented at trial unless: (1) it is disclosed in advance to the opposing party; (2) the opposing party has an opportunity to object; (3) the parties meet and confer in good faith to attempt to resolve objections; and (4) any remaining

objections are communicated by email to the law clerks assigned to this case. These steps must occur no later than the night before the demonstrative or demonstration is used at trial, and according to the schedule of deadlines the Court has previously discussed with the parties.

No. 11: The Trial Should be Bifurcated, and Evidence Concerning Dorel's Assets Should be Excluded Unless and Until Plaintiffs Demonstrate Liability

**GRANTED**. If the jury returns a verdict of liability the exemplary damages phase of the trial will commence immediately thereafter.

No. 12: Evidence or Argument Concerning Medical Bills for Amounts Other than Those Paid by Medicaid Should be Excluded

**GRANTED-IN-PART** to the extent that medical bills submitted should reflect the amount paid by Medicaid or owed.

No. 13: Evidence or Argument Concerning C.H.'s Alleged Brain Injury Should be Excluded

**DENIED**.

No. 14: Plaintiffs' Improperly-Disclosed Treating Physicians and other Non-Retained Expert Witnesses Should Be Precluded from Testifying at Trial

**DENIED** as moot by agreement of the parties.

No. 15: Plaintiffs Should be Precluded from Offering Opinions from Undisclosed Experts and Undisclosed Rebuttal Opinions from Disclosed Experts

**DENIED**. However, all expert testimony must comply with the disclosure requirements of the Rules. *See* Fed. R. Civ. P. 26(a)(2).

No. 16: Evidence of what Dorel Did or Knew After C.H.'s Summit Seat was Manufactured Should be Precluded under both Federal and Texas Law

**DENIED**. Rule 407 bars evidence of subsequent remedial measures "that would have made an earlier injury or harm less likely to occur." Fed. R. Evid. 407. Dorel contends its subsequent warning labels for certain car seat models should be excluded under Rule 407. However, it is undisputed that Dorel has not changed the label on the "Summit" model car seat that is the subject of this lawsuit, and the Summit remains on sale today. Any modification to the warning labels of

non-Summit models could not have made the harm to C.H. less likely to occur. Therefore Rule 407 does not apply to this evidence.[1]

No. 17: Evidence of Other Defects, Products, Fines, Recalls, and Settlements Should be Precluded

**GRANTED**. However, Plaintiff is permitted to argue that a car seat compliant with federal regulations may nevertheless be recalled or defective.

No. 18: Evidence of the Absence of Known Similar Incidents Should be Permitted

**GRANTED**, but this is not a ruling on the admissibility of any particular piece of evidence.

No. 19: The Court Should Authorize Evidence of Plaintiffs' Prior Settlement with Wal-Mart Stores to Impeach Plaintiffs' Experts' Changes of Opinion

**DENIED**.

No. 20: The Court Should Preclude Michelle Hoffman's Usage of Irrelevant and Misleading Sled Tests, as well as any Undisclosed Substitutions for Those Tests

**DENIED**.

**II. Plaintiff's Motions *in Limine***

No. 1: Exclude Reference to Any Trust Fund, Healthcare Savings Account, or Health Insurance

**GRANTED**.

No. 2: Exclude Reference to Prior Claims or Settlements

**GRANTED** as to prior settlements. Prior claims and pleadings are addressed in Plaintiff's Motion *in Limine* No. 4.

---

[1] Even if Rule 407 were applicable, this evidence would likely be admissible under the impeachment exception. *Compare Muzyka v. Remington Arms Co.*, 774 F.2d 1309, 1313 (5th Cir. Tex. 1985) (the lower court erred by excluding impeachment evidence of subsequent remedial measures where defendant described its product as "the best and the safest" on the market) *with* (Dkt. No. 63) (arguing Summit seat had "excellent" crash test scores and "a perfect safety record" at the time of the accident).

<u>No. 3</u>: Exclude Reference to Alleged Liability of Non-Designated Persons or Entities

**GRANTED** by agreement of the parties. (Dkt. No. 137).

<u>No. 4</u>: P Exclude Reference to the Substance of Plaintiffs' Prior Pleadings

**GRANTED**. However, Defendant may ask witnesses questions about prior related lawsuits. Prior pleadings may be used for impeachment only after approaching the bench and obtaining leave.

<u>No. 5</u>: Exclude Reference to Defendant's "Deep Pockets"

**GRANTED** by agreement of the parties. (Dkt. No. 137).

<u>No. 6</u>: Exclude Reference to the Circumstances Surrounding Employment of Plaintiffs' Counsel

**GRANTED** by agreement of the parties at the pretrial conference.

<u>No. 7</u>: Exclude Disparaging Comments About Plaintiffs' Counsel

**GRANTED** by agreement of the parties. (Dkt. No. 137).

<u>No. 8</u>: Exclude Disparaging Comments about Plaintiffs' Witnesses or Experts

**DENIED**.

<u>No. 9</u>: Exclude Acts or Omissions of Deborah Williams

**DENIED**. *See* (Dkt. No. 143).

<u>No. 10</u>: Exclude Acts or Omissions of Trinity Mother Frances and/or its Staff

**GRANTED** by agreement of the parties. (Dkt. No. 137). Defendant is precluded from criticizing or assigning fault to Trinity Mother Frances and/or its Staff, but is permitted to discuss the facts and timeline of C.H.'s treatment and diagnoses.

No. 11: Exclude Inferences Regarding C.H.'s Discharge from Baylor

**GRANTED** by agreement of the parties. (Dkt. No. 137). Defendant may not argue that C.H. left Baylor before the recommended length of stay or that C.H.'s departure from Baylor caused or worsened his injuries.

No. 12: Exclude Reference to Requested Examination of C.H.

**GRANTED**. But Plaintiff may open the door by commenting on Defendant's or its experts' failure to examine C.H.

No. 13: Exclude Reference to Prior Case Involving Wal-Mart and Stacy Tilley

**GRANTED** to the same extent as Plaintiff's Motion *in Limine* No. 4.

No. 14: Exclude Expert Reports in Prior Litigation

**GRANTED-IN-PART**. Reports from prior litigation may be used for impeachment only. Such reports, if used, shall be redacted of all references that identify the report with the prior case (*e.g.* the word "Wal-Mart" must be redacted).

No. 15: Exclude Opinions of Bill Hagerty

**WITHDRAWN** by agreement of the parties at the pretrial conference.

No. 16: Exclude Overall Safety Record of Subject Car Seat

**DENIED**.

No. 17: Exclude Reference to Alleged Spoliation

**DENIED**.

No. 18: Testing After Discovery Deadline

**GRANTED** by agreement of the parties. (Dkt. No. 137).

<u>No. 19</u>: Exclude Outcome of Other Cases Involving Gary Whitman

    **GRANTED** by agreement of the parties. (Dkt. No. 137).

<u>No. 20</u>: Exclude Untimely Disclosed Opinions of Lisa Gwin

    **GRANTED** to the extent that Dr. Hoffman and Ms. Gwin are limited to the scopes of their respective reports.

<u>No. 21</u>: Exclude Opinion of Jeya Padmanaban

    **DENIED**.

<u>No. 22</u>: Exclude Drafts of Expert Reports

    **GRANTED**.

<u>No. 23</u>: Exclude Failure of Hinson Family To Use Tether

    **WITHDRAWN** by Plaintiff at the pretrial conference.

<u>No. 24</u>: Exclude Any Allegation that Cameron Hinson was Speeding

    **GRANTED** by agreement of the parties. (Dkt. No. 137).

<u>No. 25</u>: Exclude Circumstances Surrounding C.H.'s Birth

    **GRANTED** by agreement of the parties. (Dkt. No. 137).

<u>No. 26</u>: Exclude Statements that No Similar Injuries Exist

    **DENIED**.

<u>No. 27</u>: Exclude Defendant's Expert Van Arsdell's Tests

    **DENIED**.

**SIGNED this 10th day of June, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE