# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

NICOLE HINSON, Individually and as )
Next Friend of C.H., a Minor, Texas )
residents, )
        )
        Plaintiffs )   Case No. 2:15-cv-00713
        )
       v. )
        )
DOREL JUVENILE GROUP, INC., a )
Massachusetts corporation, )
        )
        Defendant. )

## DOREL JUVENILE GROUP, INC.'S OBJECTIONS *IN PART* TO PRETRIAL ORDERS

Defendant Dorel Juvenile Group, Inc. ("Dorel") has no quarrel with the vast majority of the Magistrate Judge's pretrial rulings.  However, Dorel must respectfully object to the following aspects of the Magistrate Judge's Orders (Doc. Nos. 147, 150, and 152): 1) the Magistrate Judge erred in denying Dorel's motion to change venue; 2) the Magistrate Judge erred in denying Dorel's motions to exclude or limit the testimony of Plaintiffs' experts; 3) the Magistrate Judge erred in denying in part Dorel's Motion *in Limine* topic 12 regarding evidence of medical payment amounts that were not actually paid; 4) the Magistrate Judge erred in denying Defendant's Motion *in Limine* topic 16 regarding post-manufacture evidence  A Magistrate Judge's ruling on a non-dispositive matter is subject to *de novo* review upon timely objection of an aggrieved party.  FED. R. CIV. P. 72(a).  Dorel's objections will be addressed in turn.

I.      **The Magistrate Judge's Denial of Dorel's Motion to Change Venue Was Erroneous.**

On June 8, 2016, the Magistrate Judge denied Dorel's motion to transfer this matter to the Tyler Division, holding that six of the relevant factors are neutral, and two disfavor transfer.  (*See* Doc. No. 147 at 6.)  As set forth in Dorel's Motion to Transfer, the accident actually occurred in Wood rather than Upshur County, and the majority of the fact and expert witnesses live in the Tyler Division or west of there.  (*See* Doc. No. 14.)

Accordingly, the Court should reverse the Magistrate Judge's ruling, and transfer this matter to the Tyler Division.

II.     **The Magistrate Judge's Rulings Regarding Plaintiffs' Experts Were Erroneous.**

On the June 9, 2016, the Magistrate Judge entered an Order denying Dorel's various motions regarding Plaintiffs' experts.  (*See* Doc. No. 150.)  A Magistrate Judge's ruling on a *Daubert* motion is properly reversed when *de novo* review reveals it to have been clearly erroneous or contrary to law.  *See Southard v. United Regional Health Care System, Inc.*, Civ. Action No. 7:06-CV-0011-L, 2008 WL 5049299, at *4–*5 (N.D. Tex. Nov. 26, 2008).

A.      **The Magistrate Judge Should Have Granted Dorel's Motion to Strike The Supplemental Report of David Altman.**

The Magistrate Judge denied Dorel's motion to exclude the supplemental report of David Altman, holding that the disclosure was either timely or harmless.  (*See* Doc. No. 150 at 5-6.)  As set forth in its motion and related briefing, Mr. Altman's report was actually untimely, and Dorel was indeed prejudiced by the belated disclosure.  (*See* Doc. No. 44).   Accordingly, the Court should reverse the Magistrate Judge's ruling, and

exclude the supplemental opinions of Mr. Altman as untimely.

**B.    The Magistrate Judge Should Have Granted Dorel's Motion To Exclude The Testimony Of Dr. Arthur Joyce.**

The Magistrate Judge denied Dorel's motion to exclude the testimony of Dr. Arthur Joyce, holding that Dr. Joyce's opinions satisfy Rule 702.  (*See* Doc. No. 150 at 10.)  However, as Dorel explained in its motion, Dr. Joyce should be excluded because of the analytical gap between his brain injury diagnosis and the medical evidence,  and Dr. Joyce's failure to establish any cognitive deficits of C.H. were casual related to the crash.

**C.    The Magistrate Judge Should Have Granted Dorel's Motion To Exclude the Brain Injury Opinions Of Dr. David Altman.**

The Magistrate Judge denied Dorel's motion to exclude the brain injury opinions of Dr. David Altman, holding that any issues with Dr. Altman's opinions go to weight rather than admissibility.  (*See* Doc. No. 150 at 11.)  However, as Dorel explained in its motion, Dr. Altman's brain injury opinions should be excluded because of the analytical gap between his brain injury diagnosis and the medical evidence, and Dr. Altman's failure to establish any cognitive deficits of C.H. were casual related to the crash. Further, these opinions directly contradict Dr. Altman's prior testimony, creating a situation similar to that found in the "sham" affidavit line of authorities.

**D.    The Magistrate Judge Should Have Granted Dorel's Motion To Exclude The Brain Injury Related Opinions Of Dr. Amy McKenzie, Dr. Ralph Scott, and Dr. Rodney Isom.**

The Magistrate Judge denied Dorel's motion to exclude the brain injury opinions of Dr. McKenzie, Dr. Scott, and Dr. Isom, holding that any issues with these witnesses'

opinions are premised on the same challenges the Magistrate Judge rejected with respect to Dr. Altman and Dr. Joyce.  (*See* Doc. No. 150 at 11.)   Because Dorel believes the brain injury related opinions of Dr. Altman and Dr. Joyce should be excluded, so should the related opinions of these witnesses.

## III.   The Court Should Not Have Denied Dorel's Motion *in Limine* Regarding Post-Manufacture Evidence.

Dorel moved *in Limine* to exclude evidence of what Dorel did or knew after C.H.'s Summit seat was manufactured.  (*See* Doc. No. 131 at 9-11.)   Dorel pointed out that the introduction of any evidence of material Dorel provided with its seats after it manufactured C.H.'s Summit "to prove the need for a warning or instruction" would violate Rule 407.  In its Order, the Magistrate Judge ruled that such evidence would not violate Rule 407 because the labels and instructions on the subject seat (the Summit) have not changed.  (*See* Doc. No. 152 at 3-4.)   However, there is no dispute that Dorel agreed with the A.A.P.'s policy regarding forward- and rear-facing products at the time the Summit was made, so there is nothing to impeach or probative to admit.  Furthermore, any changes in material provided with *other* products are irrelevant and unfairly prejudicial.

Accordingly, the Court should reverse the Magistrate Judge's ruling, and bar evidence related to evidence of product changes post-dating the manufacture of Plaintiffs' Summit and any evidence related to other, unrelated products.

## IV.   The Court Should Not Have Denied Dorel's Motion To Limit Medical Payment Evidence To The Amount Actually Paid or Incurred.

There is no dispute that Plaintiffs' negotiated down the amount of their Medicaid

bills.  An injured party is only entitled to present evidence regarding what the "actually paid or incurred." Tex. Civ. Prac. & Rem. Code Sec. 41.0105.  However, the Magistrate Judge ruled that Plaintiffs could present the entire amount of their Medicaid bills.  Allowing the Plaintiffs to present evidence of amounts higher than they actually paid violates this statue as well as the "one satisfaction" rule.  *See Haygood v. Esccabedo,* 356 S.W.2d 390 (Tex. 2011)

## TRANSCRIBING THE RECORD

Due to the timing of trial in relation to the pre-trial rulings and these objections, Defendant requests the District Judge enter an Order that Defendant is not required to arrange for transcribing the record pursuant to Federal Rule of Civil Procedure 72.(b)(2).  Alternatively, Defendant requests the Court allow it to meet this requirement after the trial, at which time the issue may be moot.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Dorel Juvenile Group, Inc. respectfully requests that the Court: sustain Dorel's objections to the Magistrate Judge's Orders as set forth above.  Dorel further requests any additional relief to which it is entitled.

Dated:  June 12, 2016                          **DOREL JUVENILE GROUP, INC.**


                                               s/ Jonathan Judge
                                               Jonathan Judge (pro hac vice)
                                               Matthew G. Schiltz (pro hac vice)
                                               SCHIFF HARDIN LLP
                                               233 S. Wacker Drive, Suite 6600
                                               Chicago, IL 60606
                                               Telephone: (312) 258-5500
                                               Facsimile: (312) 258-5600
                                               jjudge@schiffhardin.com

                                               Anthony A. Avey
                                               AVEY & ASSOCIATES PLLC
                                               14255 Blanco Rd.
                                               San Antonio, TX   78216
                                               (210) 308-6600
                                               (210) 308-6939 – facsimile
                                               tavey@aveylaw.com

                                               Attorneys for Defendant Dorel Juvenile
                                               Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing to be filed with the Clerk of Court using the CM/ECF System on June 12, 2016, which will automatically send e-mail notification of such filing and a link to a copy of the document to all attorneys of record.


/s/ Jonathan Judge
Jonathan Judge