**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **NICOLE HINSON, Individually and as** | § | |
| **Next Friend of C.H., a Minor; and** | § | |
| **CAMERON HINSON, Texas residents,** | § | |
| | § | |
| **Plaintiffs** | § | **Cause No. 2:15-cv-713-JRG-RSP** |
| | § | |
| **v.** | § | |
| | § | **Jury Demand** |
| **DOREL JUVENILE GROUP, INC., a** | § | |
| **Massachusetts corporation** | § | |
| | § | |
| **Defendant.** | | |

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

MEMBERS OF THE JURY:

**INSTRUCTION NO. 1**

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

Unless otherwise instructed, you must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Joint Proposed Jury Instructions and Verdict Forms

In answering certain questions, you will be instructed to use a clear and convincing standard rather than preponderance of the evidence. Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established.

You will recall that during the course of this trial I instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose and I instructed you that you may consider some documents as evidence against one party but not against another.  You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony that witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important factor with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider properly finding the truth as to the facts in the case.  One is direct evidence--such as testimony of an eyewitness.  The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Joint Proposed Jury Instructions and Verdict Forms

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing that case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.

Authority: Fifth Circuit Pattern Jury Instructions – Civil (2014), No. 3.1


GIVEN: _____
REFUSED: _____
MODIFIED: _____


_____          _____
**JUDGE PRESIDING**                   **DATE**
**UNITED STATES DISTRICT COURT**


**INSTRUCTION NO. 2**

Joint Proposed Jury Instructions and Verdict Forms

Certain testimony has been read to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you. This deposition testimony is entitled to the same consideration  and to be judged by you at to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

Authority: Fifth Circuit Pattern Jury Instructions – Civil (2014), No. 2.13.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____          _____
**PRESIDING JUDGE**                          **DATE**
**UNITED STATES DISTRICT COURT**

## INSTRUCTION NO. 3

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Fifth Circuit Pattern Jury Instructions - Civil (2014), No. 2.18.

GIVEN:          _____
REFUSED:        _____
MODIFIED:       _____


_____          _____
**PRESIDING JUDGE**                **DATE**
**UNITED STATES DISTRICT COURT**

## INSTRUCTION NO. 4

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Authority: Fifth Circuit Pattern Jury Instructions Civil (2014), No. 3.5.

GIVEN: _____
REFUSED: _____
MODIFIED: _____


_____          _____
**JUDGE PRESIDING**                      **DATE**
**UNITED STATES DISTRICT COURT**

## INSTRUCTION NO. 5

      If C.H. has proven his claim against Defendant Dorel Juvenile Group by a preponderance of the evidence, you must determine the damages to which C.H. is entitled. You should not interpret the fact that I have given instructions about C.H.'s damages as an indication in any way that I believe C.H. should or should not win this case. It is your task first to decide whether Defendant Dorel Juvenile Group is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Dorel Juvenile Group is liable and that C.H. is entitled to recover money from it.

      Authority:  Fifth Circuit Pattern Jury Instructions – Civil (2014), No. 15.1.


GIVEN:      _____
REFUSED:    _____
MODIFIED:   _____


_____         _____
**PRESIDING JUDGE**           **DATE**
**UNITED STATES DISTRICT COURT**

## INSTRUCTION NO. 6

If you find that Defendant Dorel Juvenile Group is liable to C.H., then you must determine an amount that is fair compensation for all of C.H.'s damages. These damages are called compensatory damages. The purpose of compensatory damages is to make C.H. whole—that is, to compensate C.H. for the damage that he has suffered. Compensatory damages are not limited to expenses that C.H. may have incurred because of his injury. If C.H. wins, he is entitled to compensatory damages for the physical injury, pain and suffering, disfigurement, and mental anguish that he has suffered because of Defendant Dorel Juvenile Group's wrongful conduct.

You may award compensatory damages only for injuries that C.H. proves were proximately caused by Defendant Dorel Juvenile Group's allegedly wrongful conduct. The damages that you award must be fair compensation for all of C.H.'s damages, no more and no less. These damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which C.H. has actually suffered or that C.H. is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that C.H. prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Authority: Fifth Circuit Pattern Jury Instructions- Civil (2014), No. 15.2.

GIVEN: _____

REFUSED: _____

MODIFIED: _____


_____                    _____
**PRESIDING JUDGE**                      **DATE**
**UNITED STATES DISTRICT COURT**

## **INSTRUCTION NO. 7**

If you find that Defendant Dorel Juvenile Group is liable for C.H.'s injuries, you may award punitive damages in addition to compensatory damages.  Punitive damages are awarded if you find that Defendant Dorel Juvenile Group committed gross negligence. Gross negligence is an act or omission by Defendant Dorel Juvenile Group which, when viewed objectively from the standpoint of Dorel Juvenile Group at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Dorel Juvenile Group had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish Defendant Dorel Juvenile Group and to deter others from engaging in similar conduct. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award must not reflect bias, prejudice, or sympathy toward any party.

GIVEN:　　　_____
REFUSED:　　_____
MODIFIED:　　_____


_____　　　　_____
**PRESIDING JUDGE**　　　　　　　　　　**DATE**
**UNITED STATES DISTRICT COURT**

## <u>INSTRUCTION NO. 8</u>

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. If your memory differs from the notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

Authority: Fifth Circuit Pattern Jury Instructions – Civil (2014), No. 3.7.


GIVEN: _____
REFUSED: _____
MODIFIED: _____


_____          _____
**PRESIDING JUDGE**                                       **DATE**
**UNITED STATES DISTRICT COURT**

**Defendant's Requested Instruction No. 9**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his or her damages, that is, to avoid or to minimize those damages.

If you find Defendant Dorel Juvenile Group, Inc. is liable and Plaintiffs have suffered damages, Plaintiffs may not recover for any item of damage that they could have avoided through reasonable effort.  If you find that Defendant has proved by a preponderance of the evidence that Plaintiff Nicole Hinson unreasonably failed to take advantage of an opportunity to lessen Plaintiffs' damages, you should deny recovery for those damages that would have been avoided had Plaintiffs taken advantage of the opportunity.

You are the sole judge of whether Plaintiff Nicole Hinson acted reasonably in avoiding or minimizing Plaintiffs' damages.  An injured plaintiff may not sit idly by when presented with an opportunity to reduce damages.  However, he or she is not required to make unreasonable efforts or to incur unreasonable expense in mitigating damages.  Defendant has the burden of proving the damages that Plaintiff Nicole Hinson could have mitigated.  In deciding whether to reduce Plaintiffs' damages because of Plaintiff Nicole Hinson's failure to mitigate, you must weigh all the evidence in light of the  circumstances of the case, using sound discretion in deciding whether Defendant has satisfied its burden of proving that Plaintiff Nicole Hinson's conduct was not reasonable.

*Authority*:      TEXAS PATTERN JURY CHARGE 15.5.

ACCEPTED:  _____

REJECTED:  _____

MODIFIED: _____

_____

**PLAINTIFFS' OBJECTION:**

Plaintiffs object to this instruction as there is no evidence that Nicole Hinson failed to mitigate C.H.'s damages, or that C.H.'s damages *could* have been limited. Further, this instruction (from the Fifth Circuit Pattern Jury Charge 15.5) is applicable when a plaintiff fails to mitigate his or her own damages, not the damages of another plaintiff.

## DEFENDANT'S REQUESTED INSTRUCTION 10

The law forbids driving at a speed in excess of the sign posted speed limit and at an unsafe speed for the conditions.

Authority: TEX. PJC, 5.1

GIVEN:         _____
REFUSED:       _____
MODIFIED:      _____


_____                    _____
**PRESIDING JUDGE**                              **D**ATE
**U**NITED **S**TATES **D**ISTRICT **C**OURT


**Plaintiffs' Objections:**

Plaintiffs object to this instruction because there is no live claim for negligence per se, which is the only scenario in which this instruction should be given. Ms. Tilley is not a defendant, and her liability is not at issue. Her fault is, which will be addressed adequately in the apportionment of fault question. Further, the language of this instruction inaccurately states the language of Texas Pattern Jury Charge 5.1. TEX. PJC 5.1

**REQUESTED INSTRUCTION NO. 11:**

You may assume that the Hinson family's failure to preserve the Silverado vehicle indicates that introduction of the vehicle into evidence would have been unfavorable to Plaintiffs' case.

Authority:    *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010); *Montemayor v. Heartland Transportation, Inc.*, CIV. A. B-07-CV-151, 2008 WL 4777004 at *7 (S.D. Tex. Oct. 30, 2008); *In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 964 (S.D. Tex. 2010) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 953-961) (Tex. 1998)).

ACCEPTED:    _____

REJECTED:    _____

MODIFIED: _____


_____
JUDGE PRESIDING


**Plaintiffs' Objection:**

Plaintiffs' object to this instruction because it is not supported by the evidence presented at trial. The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct. *Condrey v. Suntrust Bank*, 431 F.3d 191, 203 (5th Cir. 2005); see also *Vick v. Tex. Employment Comm.*, 514 F.2d 734, 737 (5th Cir. 1975) (noting that the "adverse inference to be drawn from the destruction of records is predicated on the bad conduct of the defendant. Moreover, the circumstances of the act must manifest bad faith. Mere negligence is not enough.").  At trial, Defendant has not presented any evidence the plaintiffs committed bad faith that resulted in the destruction of the vehicle.

## QUESTION NO. 1

### Plaintiff's Proposed Instruction:

Was Dorel Juvenile Group, Inc. negligent in warning or instructing regarding use of the subject Safety 1st Summit Deluxe car seat at the time it left Dorel Juvenile Group, Inc., and was that negligence, if any, a proximate cause of the injury in question?

For Dorel Juvenile Group, Inc. to have been  negligent, there must have been a defect in the warnings or instructions.

"Negligence," when used with respect to the conduct of Dorel Juvenile Group, Inc., means failure to use ordinary care, that is, failing to do that which a company of ordinary prudence would have done under the same or similar circumstances or doing that which a company of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that a company of ordinary prudence would use under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a company using ordinary care would have foreseen that the *injury*, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

A "defect in the warnings" means the failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known and which failure rendered the product unreasonably dangerous as marketed.

A "defect in the instructions" means the failure to give adequate instructions to avoid the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known and which failure rendered the product unreasonably dangerous as marketed.

"Adequate" warnings or instructions means warnings or instructions given in a form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the product's use; and the content of the warnings or instructions must be comprehensible to the average user and must convey a fair indication of the nature and extent of the danger and how to avoid it to the mind of a reasonably prudent person.

An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

Answer "Yes" or "No."

Answer: _____

PROCEED TO QUESTION 2.

Authority: Texas 2014 Pattern Jury Charge No. 71.7.

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____      _____
**JUDGE PRESIDING**          **DATE**
**UNITED STATES DISTRICT COURT**

**Defendant's Objection**: This duplicative instruction should not be given.  In product liability, the negligent failure to warn cause of action is entirely subsumed by the strict liability failure to warn cause of action. The warnings were either defective or they were not, and if they were a producing cause (the strict liability standard) they by definition were also a proximate cause (the lesser negligence standard). Submitting both theories is improper because they serve only to create inconsistent verdicts. *See Ford Motor Co. v. Miles*, 141 S.W.3d 309, 315 (Tex. App.—Dallas 2004, pet. denied) (collecting Fifth Circuit and Texas authorities).

**QUESTION NO. 2**

Was there a defect in the warnings or instructions at the time the subject Safety 1st Summit Deluxe car seat left the possession of Dorel Juvenile Group, Inc. that was a producing cause of the injury in question?

A "defect in the warnings" means the failure to give adequate warnings of the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known and which failure rendered the product unreasonably dangerous as marketed.

A "defect in the instructions" means the failure to give adequate instructions to avoid the product's dangers that were known or by the application of reasonably developed human skill and foresight should have been known and which failure rendered the product unreasonably dangerous as marketed.

"Adequate" warnings or instructions means warnings or instructions given in a form that could reasonably be expected to catch the attention of a reasonably prudent person in the circumstances of the product's use; and the content of the warnings or instructions must be comprehensible to the average user and must convey a fair indication of the nature and extent of the danger and how to avoid it to the mind of a reasonably prudent person.

An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

"Producing cause" means a cause that was a substantial factor in bringing about the injury, and without which the injury would not have occurred. There may be more than one producing cause.

Answer "Yes" or "No."

Answer: _____

IF YOU ANSWERED "YES" to either Question 1 or 2, then continue to Question 3.  If you answered No to both Question 1 and 2, then you do not need to proceed further.

Authority: Texas Pattern Jury Charges – Malpractice, Premises, Products, PJC 71.5, and 70.1 (producing cause) (2014).

GIVEN:          _____
REFUSED:     _____
MODIFIED:    _____

_____             _____
**JUDGE PRESIDING**                              **DATE**
**UNITED STATES DISTRICT COURT**

<u>Defendant proposes the following additions</u>:

A manufacturer is not required to warn of dangers that were not foreseeable at the time the product was manufactured, or which were foreseeable only in a remote philosophic sense.

Dorel's duty is to make a product that is reasonably safe for its intended purpose, not to make a product that is perfect, risk-free, or which contains the ultimate in safety features. A Summit is not unreasonably dangerous simply because a child was injured while using it, but it must be reasonably safe.

Compliance with governmental safety standards is substantial evidence that a product is not defective, although it is not conclusive on that question.

**Authority**: Instructions on foreseeability from *Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 658 (Tex. 1999) and *USX Corp. v. Salinas*, 818 S.W.2d 473, 483 (Tex. App. 1991), writ denied (Feb. 19, 1992). Instructions on manufacturers not being guarantors of safety based on *Syrie v. Knoll Int'l*, 748 F.2d 304, 307 (5th Cir. 1984) (citing Texas law) and *Caterpillar v. Shears*, 911 S.W.2d 379, 381 (Tex. 1995)). Instructions on governmental safety standards from *Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1144 (5th Cir. 1985).

## QUESTION _3_____

**Plaintiffs' proposed instruction:**

Did the negligence, if any, of those named below proximately cause the injury in question?

"Negligence," when used with respect to the conduct of Wal-Mart Stores, Inc., means failure to use ordinary care, that is, failing to do that which a company of ordinary prudence would have done under the same or similar circumstances or doing that which a company of ordinary prudence would not have done under the same or similar circumstances.

"Negligence," when used with respect to Stacey Tilley, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person  or company of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a company using ordinary care would have foreseen that the *injury*, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

Answer "Yes" or "No" for each of the following:

1.      Wal-Mart Stores, Inc.                    _____

2.      Stacey Tilley                                  _____


_____

Proceed to Question 4.

Authority: Texas Pattern Jury Charges – Negligence (2014) 2-1 and 4-1.

GIVEN:          _____
REFUSED:     _____
MODIFIED:    _____

_____          _____

**JUDGE PRESIDING**                          **DATE**

**UNITED STATES DISTRICT COURT**

Defendant Agrees, Except as Follows:

Deborah Williams and Nicole Hinson should be added, given the evidence in the case.

Only one definition of negligence is necessary, to be argued by counsel as its application to the facts:

"Negligence' means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances."

## <u>QUESTION NO. 4</u>

If you answered "Yes" to Question 1 or 2 as to Dorel Juvenile Group, Inc. and answered yes as to any party listed in Question 3, then answer the following question. Otherwise, do not answer the following question and proceed to Question 5.

Assign percentages of responsibility only to those you found caused or contributed to cause the injury. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to a party or product is not necessarily measured by the number of acts, omissions, or product defects found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

For each party or product found by you to have caused the *injury*, find the percentage caused by—

| | | | |
|---|---|---|---|
| 1. | Dorel Juvenile Group, Inc. | _____ | % |
| 2. | Wal-Mart Stores, Inc. | _____ | % |
| 3. | Stacey Tilley | _____ | % |

Total          _____100_____ %

Texas Pattern Jury Charge-Products Liability (2014), 71-15.

GIVEN:      _____
REFUSED:    _____
MODIFIED:   _____


_____        _____
**JUDGE PRESIDING**             **D**ATE
**U**NITED **S**TATES **D**ISTRICT **C**OURT


<u>Defendant's objections</u>

Nicole Hinson and Deborah Williams should be added, given the evidence in the case.

## QUESTION NO. 5

What sum of money, if paid in cash, would provide fair and reasonable compensation for C.H.'s injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of C.H. or his mother, Nicole Hinson. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

     1.     Physical pain and mental anguish sustained in the past.

     Answer: _____

     2.     Physical pain and mental anguish that, in reasonable probability, C.H. will sustain in the future.

     Answer: _____

     3.     Loss of earning capacity sustained in the past.

     Answer: _____

     4.     Loss of earning capacity that, in reasonable probability, will be sustained in the future from the time of trial until C.H.  reaches the age of eighteen years.

     Answer: _____

     5.     Loss of earning capacity that, in reasonable probability, will be sustained in the future after C.H.  reaches the age of eighteen years.

     Answer: _____

     6.     Disfigurement sustained in the past.

     Answer: _____

7.      Disfigurement that, in reasonable probability, C.H. will sustain in the future.

Answer: _____

8.      Physical impairment sustained in the past.

Answer: _____

9.      Physical impairment that, in reasonable probability, C.H. will sustain in the future.

Answer: _____

10.     *Medical care expenses* incurred in the past on behalf of C.H.

Answer: _____

11.     *Medical care expenses* that, in reasonable probability, will be incurred on behalf of C.H. in the future from the time of trial until C.H. reaches the age of eighteen years.

Answer: _____

12.     *Medical care expenses* that, in reasonable probability, C.H.. will incur after he reaches the age of eighteen years.

Answer: _____

Texas Pattern Jury Instruction (Negligence) (2014) 28-5.

GIVEN:          _____
REFUSED:        _____
MODIFIED:       _____


_____          _____
**JUDGE PRESIDING**               **DATE**
**UNITED STATES DISTRICT COURT**

## QUESTION NO. 6

Answer the following question regarding Defendant Dorel Juvenile Group, Inc. only if you answered "Yes" to Question Nos. 1 or 2 regarding Dorel Juvenile Group, Inc. or its product. Otherwise, do not answer the following question.

Do you find by clear and convincing evidence that the harm to C.H. resulted from gross negligence?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by Dorel Juvenile Group, Inc.,

(a) Which when viewed objectively from the standpoint of Dorel Juvenile Group at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(b) Of which Dorel Juvenile Group had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Dorel Juvenile Group, Inc.        _____ (Yes or No)

Authority: Texas Pattern Jury Charges – Malpractice, Premises, Products, PJC 85.1C (2014).

GIVEN:        _____
REFUSED:        _____
MODIFIED:        _____


_____        _____
**JUDGE PRESIDING**        **DATE**
**UNITED STATES DISTRICT COURT**

## **QUESTION NO. 7**

Answer the following question regarding Dorel Juvenile Group, Inc. only if you answered "Yes' to Question 5. Otherwise, do not answer the following question.

What sum of money, if any, should be assessed against Dorel Juvenile Group, Inc. and awarded to C.H. as exemplary damages for the conduct found in response to Question 5?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to be considered in awarding exemplary damages, if any, are-

a.  The nature of the wrong.
b.  The character of the conduct involved.
c.  The degree of culpability of the wrongdoer.
d.  The situation and sensibilities of the parties concerned.
e.  The extent to which such conduct offends a public sense of justice and propriety.
f.  The net worth of Dorel Juvenile Group, Inc.

Answer in dollars and cents, if any, for Defendant Dorel Juvenile Group, Inc.

Answer:      _____

Authority: Texas Pattern Jury Charges – Malpractice, Premises, Products, PJC 85.3C (2014).


GIVEN:         _____
REFUSED:     _____
MODIFIED:    _____


_____            _____
**JUDGE PRESIDING**                    **DATE**
**UNITED STATES DISTRICT COURT**

CH2\18402923.1