# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **NICOLE HINSON, Individually and as** | § | |
| **Next Friend of C.H., a Minor; Texas** | § | |
| **residents,** | § | |
| | § | |
| **Plaintiffs** | § | **Cause No. 2:15-cv-713-JRG-RSP** |
| | § | |
| **v.** | § | |
| | § | **Jury Demand** |
| **DOREL JUVENILE GROUP, INC., a** | § | |
| **Massachusetts corporation** | § | |
| | § | |
| **Defendant.** | | |

## PLAINTIFFS' RESPONSE TO THIS COURT'S
## MAY 24, 2016 ORDER REGARDING SEALED FILINGS

Plaintiffs filed Dkt. Nos. 30, 35, 53, 56, 58, 73, 76, 80, 82, 93, and 96 under seal. The filings under seal Dkt. Nos. 30, 35, 53, 73, and 93 were filed under seal because a large number of documents the Defendant marked "confidential" were quoted in the body of the briefs and attached as Exhibits. In order to file the necessary briefing with accompanying evidence and not violate the Court's Protective Order, Plaintiffs filed these pleadings under seal to maintain the confidential status of Defendants' documents. Plaintiffs do not have the requisite knowledge or evidence to substantiate the Defendant's claims of confidentiality. Plaintiffs have notified the Defendant that to extent they wish to have these documents and briefs remain under seal, they will need to provide the requisite evidence and authority supporting the confidential designation. In many instances such arguments would be moot at this point given that many of the documents involved were admitted into evidence during the recent trial of this matter. Plaintiffs do not have any interest or desire in maintaining these pleadings and accompanying evidence under seal except to avoid violating this Court's Protective Order. To the extent this Court finds that it

would not violate the Court's Protective Order to un-seal these pleadings, Plaintiff is not opposed.

Plaintiffs filed Dkt. Nos. 56, 58, 76, 80, 82, and 96 under seal because the pleadings themselves discuss C.H.'s health care information and the accompanying exhibits largely consist of C.H.'s medical or diagnostic records. Plaintiffs desire to maintain these filings under seal to protect the minor Plaintiff, C.H., so that any person with access to PACER or this Court's files cannot obtain his private healthcare information. For these pleadings, C.H.'s private information is interspersed to such a degree in the briefing and exhibits that there was no practical way to parse out what should be sealed and what should not. Plaintiffs pray that this Court maintain these filings under seal.

Respectfully submitted,

/s/Jeffrey T. Embry
Jeffery T. Embry
State Bar No. 24002052
Attorney-in-Charge
George Cowden IV
State Bar No. 24071492
Hossley & Embry, LLP
320 South Broadway Avenue, Suite 100
Tyler, Texas 75702
Ph. (903) 526-1772
Fax (903) 526-1773
jeff@hossleyembry.com
george@hossleyembry.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of this pleading was served on counsel for defendant via electronic means on this 24th day of June, 2016.

<u>/s/Jeffrey T. Embry</u>
Jeffery T. Embry