# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

NICOLE HINSON, Individually and as   )
Next Friend of C.H., a Minor, Texas    )
residents,                         )     Case No. 2:15-cv-00713
                              )
        Plaintiffs          )
     v.                     )
DOREL JUVENILE GROUP, INC., a    )
Massachusetts corporation,        )
                              )
        Defendant.       )

## DEFENDANT DOREL JUVENILE GROUP, INC.'S
## RESPONSE TO ORDER REDARDING DOCUMENTS FILED UNDER SEAL AND
## MOTION TO SEAL DOCUMENTS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant Dorel Juvenile Group, Inc. ("Dorel"), by counsel, who

submits this response to the Court's May 24, 2016 Order regarding sealed filings (Doc.

104), and respectfully requests that the Court maintain under seal certain exhibits filed

in this matter.[1]

## INTRODUCTION

On August 13, 2015, this Court entered a protective order in this case, in which

the Court recognized that Dorel may be required to produce documents that contained

confidential, proprietary business, or trade secret information.  (Doc. 12 at ¶¶3-4.)  Also

recognizing that public disclosure of this type of information could harm Dorel, the

---

[1] With regard to items Dorel filed under seal in order to protect the identity of the
minor, C.H., (*e.g.,* exhibits attached to Sealed Motion to Exclude Arthur Joyce, Doc. No.
61), Dorel defers to Plaintiff's counsel and the Court, and takes no position on whether
and how they should be maintained under seal.

Court permitted Dorel to designate it "confidential" and prohibit disclosure beyond the parties in this case.  (*See id.*)

Dorel did produce documents that contained its confidential business information during discovery, and marked them "confidential" in accordance with the protective order.  Witnesses also testified about Dorel's confidential business information.  The parties then offered some of these confidential documents and portions of depositions as exhibits in support of motions filed with this Court.  Dorel and Plaintiff asked this Court to seal these documents (*see, e.g.*, Doc. 43, 90), but the Court requested that Dorel further identify the documents it contends contain confidential information and "demonstrate good cause for why it should be sealed." (Doc. 104 at p. 2.)

Dorel now seeks to seal the following types of documents that contain its confidential business information:

- Dorel business documents and correspondence discussing the design of Dorel's car seats, the development of warnings and instructions accompanying its car seats, and its plans for the merchandising and sale of its car seats; and

- Deposition transcript excerpts of testimony from Dorel employees about the design, development, manufacturing, and merchandising of its car seats.

An index that specifically identifies each filed document that Dorel seeks to maintain under seal is attached as Exhibit A to Mr. Glover's Declaration, which is in turn attached as Exhibit 1 hereto.  These documents contain Dorel's "confidential research, development, or commercial information," which is exactly the type of information

Federal Rule of Civil Procedure 26(C)(1)(G) is designed to protect.  There is thus good cause to seal these documents here.

## ARGUMENT

Federal law explicitly provides for the protection of "trade secret or other confidential research, development, or commercial information" in discovery.  FED. R. CIV. PROC. 26(C)(1)(G).   Although courts generally favor public access to court documents, they recognize that protecting commercially sensitive information is a valid basis for sealing documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing documents that contain "business information that might harm a litigant's competitive standing" may be sealed); *see also Finlan v. City of Dallas*, 888 F. Supp. 779, 792 (N.D. Tex. 1995) (maintaining court records under seal because of potential harm of releasing confidential business information and business plans); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *17 (D. Conn. Aug. 5, 2013) ("the protection of commercially sensitive information" is "valid grounds for maintaining confidentiality").

Court after court has held that harm suffered as a result of the disclosure of a company's confidential business information weighs in favor of filing documents under seal and is evidence of good cause.  *See Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co.*, No. CA C-12-074, 2013 WL 1867604, at *4 (S.D. Tex. Apr. 22, 2013) (finding good cause to maintain documents under seal where "possibility that disclosure would potentially harm its competitive standing in the shipping industry"); *United States v. Ferguson*, No. 3:06CR137 (CFD), 2008 WL 113654, at *1 (D. Conn. Jan. 5,

2008) (granting motions to seal documents "on the ground that the accompanying documents contain detailed, confidential business information" and "because the disclosure of this confidential information would cause undue harm to the businesses involved"); *Steede v. Gen. Motors, LLC*, No. 11-2351-STA-DKV, 2012 WL 2089761, at *3 (W.D. Tenn. June 8, 2012) ("[T]he Magistrate Judge found that design and engineering information has economic value to Defendant, other companies could benefit from the information, and Defendant would suffer serious economic injury if the information was obtained by competitors.").   That is the case here.

Dorel asked this Court to maintain under seal documents and testimony containing information related to the development of the design, development, manufacturing, and merchandising strategies for its car seats.  (*See* List of Confidential Filings, Ex. A to Declaration of Richard Glover, Ex. 1 hereto.)  Dorel maintains such material as confidential.  (*See* Ex. 1, Glover Dec. at ¶5.)  The car seat industry is highly competitive, and information about Dorel's design, development, manufacture, and merchandising strategies could allow competitors to reap the benefits of Dorel's work without having to devote their own resources to that development.  (*Id*. at ¶6.)  Dorel would suffer harm if its competitors could use its confidential information to obtain this type of advantage.  (*Id*.)  Accordingly, Dorel has demonstrated good cause to seal the documents noted in Exhibit A to Mr. Glover's Declaration.

Furthermore, Plaintiff was the party who filed and relied upon all the material at issue, and Plaintiff initially moved to seal those records.  Dorel has not requested the wholesale sealing of every Dorel document and transcript that Plaintiff chose to file.

Because Dorel has set forth sound reasons why the disclosure of the selected material noted in Exhibit A to the Glover Declaration should be protected, the burden shifts to "the party seeking discovery to establish that the disclosure is relevant and necessary to the action." *Finlan*, 888 F. Supp. at 792.  Plaintiff has not previously challenged the confidentiality of any of the information now at issue.

Citing no authority for the proposition, Plaintiff has recently asserted that Dorel's desire to maintain the confidentiality of some of this information, "would be moot at this point given that many of the documents involved were admitted into evidence during the recent trial of this matter." (*See* Plaintiff's Response to May 24 Order, Doc. No. 170 at 1.)  Plaintiff has it backwards.  Although Plaintiff did introduce some of Dorel's confidential documents at trial for that limited purpose, they should ***also*** be maintained under seal for the same reasons set forth above.  The relevant trial exhibits include Plaintiff's 1 (e-mail correspondence), 21 (Merchandising Meeting PowerPoint), 38 (e-mail correspondence), 254 (Executive Summary), 267 (Buying Guide Brief), 269 (Dorel Juvenile Group: CRS at Dorel), 278 (e-mail correspondence), 365/366/369 (Test Report and Videos).  (*See* Plaintiff's Final Exhibit List, Doc. No. 164.)  Dorel marked all that material confidential, and those exhibits contain the same sorts of design, development, manufacturing, and merchandising information that Dorel sought to protect from public disclosure before.  (*E.g., compare* Plaintiff's Trial Exhibit 1 *with* Doc. No. 31, Ex. K.)  Briefly introducing records at trial has a very limited effect on compromising confidentiality, particularly since only very small portions of the documents were referenced, if the content of those documents was substantially

referenced at all.  Getting access to the exhibits admitted will require efforts that most interested parties will not bother to pursue, even if they are not filed under seal.

By contrast, unsealing the filed exhibits will make Dorel's business strategies freely available on the ECF system for others to easily download and profit from in perpetuity.  Litigation exists to allow a plaintiff to discover and file what is necessary to prosecute their claims; it is not supposed to be a back-door mechanism by which a company's confidential communications about commercial strategies and expertise are thrown to the four winds as a matter of course.[2]

## CONCLUSION

Filing selected material under seal is the only way to protect Dorel's confidential business information.  Because Dorel could suffer harm if this information was made public, good cause exists to seal these exhibits.  Dorel thus respectfully requests that the Court grant its motion, and seal the filings as set forth on Exhibit A to the Glover Declaration along with the exhibits containing similarly confidential information offered at trial (Plaintiff's Exhibits 1, 21, 38, 254, 267, 269, 278, 365, 366, and 369).

---

[2] In terms of the equities, Dorel reiterates that it did not file these documents, and Plaintiff agreed to file them under seal.  Had Dorel known any of this would be an issue at the time these exhibits were filed, it would have moved at the time to have Plaintiffs be directed to redact all portions of these documents other than the actual (usually very small) portion that they cited in their briefing.  As Plaintiffs were the ones who insisted on filing the documents, this would not be an unreasonable burden to impose.

Respectfully submitted,

/s/ Jonathan Judge
Anthony A. Avey (Attorney-in-Charge)
AVEY & ASSOCIATES, PLLC
Texas State Bar No. 00790250
14255 Blanco Road
San Antonio, Texas 78216
Telephone: (210) 308-6600
Facsimile: (210) 308-6939
tavey@aveylaw.com

Jonathan Judge (pro hac vice)
Matthew G. Schiltz (pro hac vice)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com
mschiltz@schiffhardin.com

**ATTORNEYS FOR DEFENDANT
DOREL JUVENILE GROUP, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be filed with the Clerk of Court using the CM/ECF System on June 24, 2016, which will automatically send e-mail notification of such filing and a link to a copy of the document to all attorneys of record.

/s/ Jonathan Judge
Jonathan Judge