IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>DOREL JUVENILE GROUP, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§   Case No. 2:15-cv-713-JRG-RSP<br>§<br>§<br>§<br>§<br>§ |

## JUDGMENT

A jury trial commenced in this case on June 13, 2016 regarding both the claims by Plaintiff Nicole Hinson, Individually and as Next Friend of C.H., a Minor against Defendant Dorel Juvenile Group, Inc. ("Dorel") and the defenses asserted by Dorel. After four days in trial, the jury reached and returned its unanimous verdict on June 17, 2016, finding Dorel liable for negligence and strict liability in connection with its production and sale of the Safety 1st Summit Deluxe car seat. (Dkt. Nos. 166, 167.) Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's verdict and the entirety of the record available to the Court, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. There was a defect in the warnings or instructions at the time the Safety 1st Summit Deluxe car seat left the possession of Dorel, and that defect was a producing cause of the injury to Plaintiff.

2. Dorel was negligent in warning or instructing regarding the use of the Safety 1st Summit Deluxe car seat at the time it left the possession of Dorel, and that negligence was a

proximate cause of the injuries and the damages sustained by Plaintiff.  Dorel bears 80% fault regarding Plaintiff's injuries and damages.

3. The negligence of Stacey Tilley, the driver of the vehicle that collided with the Hinson's vehicle, was a proximate cause of the injuries to and damages sustained by Plaintiff. Ms. Tilley bears 20% fault regarding Plaintiff's injuries and damages.

4. The compensatory damages suffered by Plaintiff that will provide fair and reasonable compensation total $24,438,000; of which $4,100,000 are non-economic damages and $20,338,000 are economic damages.  Plaintiff shall recover $19,550,400 in compensatory damages from Dorel for its portion of the fault.

5. The harm to Plaintiff resulted from the gross negligence of Dorel.  Plaintiff shall recover $10,000,000 in exemplary damages from Dorel for Dorel's gross negligence.

6. From the total awarded hereby to Plaintiff, Dorel shall receive a credit against its obligations under this judgment consistent with Chapter 33 of the Texas Civil Practice and Remedies Code for all net amounts paid by third parties pursuant to earlier claims arising from the collision which forms the basis of this action, including but not limited to: Wal-Mart Stores, Inc. and Stacey Tilley.

7. Of the amounts awarded hereby, $73,000 is awarded to Nicole Hinson individually and the balance is awarded to C.H., a minor.  Such award to C.H. shall be paid and delivered through a structured plan which must be presented to and approved by this Court. The Court reserves the ability to appoint at a later date a Guardian *ad Litem* as a part to considering and approving any structured payment hereunder to C.H.

8. The amounts awarded herein shall bear pre-judgment and post-judgment interest at those rates established in Section 304.003 and Section 304.103 of the Texas Finance Code.

9.      Plaintiff is the prevailing party, and as the prevailing party, Plaintiff shall recover its costs from Defendant.

10.     Any and all pending motions that are presently unresolved are hereby **DENIED**. All relief not granted to the parties herein is likewise **DENIED**.

**So ORDERED and SIGNED this 28th day of June, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE