UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor; Texas residents, | § § § § | |
| Plaintiffs | § § | Cause No. 2:15-cv-713-JRG-RSP |
| v. | § § | Jury Demand |
| DOREL JUVENILE GROUP, INC., a Massachusetts corporation | § § § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S FINAL JUDGMENT**

Plaintiff, Nicole Hinson, Individually and as Next Friend of C.H., a Minor, files this Motion to Alter or Amend the Court's Final Judgment pursuant to Rule 59(e), and prays the Court orders the Clerk to enter an amended judgment against Dorel Juvenile Group, Inc. (Dorel) based on the jury's verdict and the application of Texas substantive law.

**I.**

**ARGUMENT AND AUTHORITIES**

Plaintiff prays the Court alter or amend its final Judgment in three respects. First, Texas law is clear that Dorel should be jointly and severally liable for all the damages awarded by the Jury by virtue of the Jury's apportionment of greater than 50% fault to Dorel.[1] Second, Plaintiff prays the Court alter its judgment to reflect the actual settlement credits involved and Dorel's net obligation so that there is a clear and final damage amount contained in the judgment. Third, the Court's current judgment contains a mathematical error in paragraph 4 concerning the relative amounts of economic and non-economic damages awarded by the jury. Plaintiff seeks to alter or

---

[1] TEX. CIV. PRAC. & REM. CODE section 33.013(b)(1).

1

amend the judgment to correct this issue. Plaintiffs have attached a proposed judgment to this Motion as **Exhibit A**, which accomplishes these three tasks.

A.        **By Operation of T**EX**. C**IV**. P**RAC**. & R**EM**. C**ODE **§33.013(b)(1), Dorel Is Jointly and Severally Liable For the Total Damage Award**

While the Court's current Judgment accurately references the jury's apportionment of 80% fault to Dorel Juvenile Group, Inc., it erroneously limits Plaintiffs' recovery to only 80% of the awarded damages. In other words, the current Judgment reduces the jury's damage award by the 20% fault allocated to Ms. Stacey Tilley. This reduction, however, is not appropriate under Texas law. Plaintiff seeks to alter or amend the Judgment to reflect the application of TEX. CIV. PRAC. & REM. CODE section 33.013(b)(1), which provides that any defendant apportioned greater than 50% fault is jointly and severally liable for the total damages awarded. This fundamental tenet of Texas' apportionment scheme is clear in the black letter of the statute and is well-recognized.[2] One Texas court explained the impact of a jury's allocation of greater than 50% fault:

> If the threshold is met, a liable defendant bears not only its proportionate responsibility under section 33.013(a), but also assumes joint and several liability for all recoverable damages under section 33.013(b)(1). Accordingly, the assignment of 49% responsibility to Unison does not change or limit Bay Rock's joint and several liability which, pursuant to section 33.013(b)(1), flows from the jury's assessment that Bay Rock bore 51% of the overall responsibility.[3]

The Court's current Judgment failed to apply this aspect of Texas substantive law and Plaintiff respectfully objects to this aspect of the Court's current Judgment. The correct judgment should find Dorel jointly and severally liable for the total damages awarded consistent with Texas law.

---

[2] See Joint and Several Liability, 70 Tex. Jur. 3d Tort Liability § 19.
[3] *Bay Rock Operating Co. v. St. Paul Surplus Lines Ins. Co*., 298 S.W.3d 216, 233 (Tex. App.—San Antonio 2009, pet. denied). *See also Taveau v. Brenden*, 174 S.W.3d 873, 882 (Tex. App.—Eastland 2005, pet. denied)

The proposed Judgment set forth as **Exhibit A**, accurately reflects the application of Texas law to the Jury's verdict.

**B.**     **The Judgment Should Be Altered to Reflect the Applicable Settlement Credits**

The Court's current judgment orders that the jury's award be reduced to account for any settlement credits at some point in the future but does not reflect the actual credit amounts or the resulting final damage award. Plaintiffs' proposed judgment contained in **Exhibit A** reflects a reduction of the jury's damage award by the sum dollar amount of all C.H.'s prior settlements consistent with TEX. CIV. PRAC. & REM. CODE section 33.012(b). There have been two such settlements reached on C.H.'s behalf. The amount of the settlement with Wal-Mart Stores, Inc. is set forth in the Confidential Settlement Agreement filed under seal and attached hereto as sealed **Exhibit B**. Another settlement was reached on C.H.'s behalf with Stacey Tilley and her insurer, Geico Insurance, for $30,000 and is reflected in the Settlement Agreement attached as **Exhibit C**.[4] The proposed version of the Final Judgment reflects a reduction in the amount awarded to Plaintiff, Nicole Hinson, as Next Friend of C.H., by an amount equal to the total sum of these settlements. Modifying the judgment to reflect these realities will provide clarity to the parties, prevent any future litigation or court involvement on these issues, permit easy calculation of interest totals, and reflect an accurate application of Texas law to the jury's verdict and the facts of this case.

**C.**     **The Categories of Damages Determined by the Jury**

The Court's current Judgment in paragraph 4 notes that the jury awarded total compensatory damages of $24,438,000, of which $4,100,000 are non-economic damages and

---

[4] The Compromise Settlement Agreement includes a reference to an under-insured motorist coverage claim and settlement made by the Hinsons against their own insurance company, Farmers Insurance Company, pursuant to under-insured motorist coverage they purchased. It is well settled law in Texas that such a "first-party" U.I.M claim is not considered a settlement for purposes of calculating any settlement credit. *See Bartley v. Guillot*, 990 S.W.2d 481 (Tex.App.–Houston [14th Dist.] 1999, pet. denied).

$20,338,000 are economic damages. To the extent the Court wishes to reflect the breakdown by economic and non-economic damages, the actual totals in the jury's verdict are $10,300,000[5] in non-economic damages and $14,138,000[6] in economic damages. The proposed Judgment set forth as **Exhibit A** accurately reflects the jury's verdict.

## II.

## CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff asks the Court to order the clerk to enter judgment, consistent with the Jury's verdict, in favor of Plaintiff and against Defendants in the form attached as **Exhibit A**.

---

[5] Non-Economic damages awarded by the jury included:

| | |
|---|---|
| Past pain and mental anguish | $100,000 |
| Future pain and mental anguish | $4,000,000 |
| Past disfigurement | $100,000 |
| Future disfigurement | $3,000,000 |
| Past physical impairment | $100,000 |
| Future physical impairment | $3,000,000 |
| Total | $10,300,000   (See Dkt. No. 166) |

[6] Economic damages awarded by the jury:

| | |
|---|---|
| Past medical care expenses | $73,000 |
| Future medical care until age 18 | $350,000 |
| Future medical care after age 18 | $12,500,000 |
| Lost earning capacity until age 18 | $15,000 |
| Lost earning capacity after age 18 | $1,200,000 |
| Total | $14,138,000   (See Dkt. No. 166) |

        Respectfully submitted,

        /s/Jeffrey T. Embry
        Jeffery T. Embry
        State Bar No. 24002052
        Attorney-in-Charge
        George Cowden IV
        State Bar No. 24071492
        Kyna J. Adams
        State Bar No. 24041792
        Hossley & Embry, LLP
        320 South Broadway Avenue, Suite 100
        Tyler, Texas 75702
        Ph. (903) 526-1772
        Fax (903) 526-1773
        jeff@hossleyembry.com
        george@hossleyembry.com
        kyna@hossleyembry.com
        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The Defendant is opposed to the relief sought.

        /s/Jeffrey T. Embry
        **Jeffery T. Embry**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of this pleading was served on all counsel of record electronically and via the Court's filing system on the 29th day of June, 2016.

        /s/Jeffrey T. Embry
        **Jeffery T. Embry**

## AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that on August 13, 2015, a Protective Order was entered permitting Plaintiff to file Exhibit B to this Motion under Seal.

        /s/Jeffrey T. Embry
        Jeffrey T. Embry