UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NICOLE HINSON, Individually and as Next Friend of C.H., a Minor; Texas residents, | § § § § | |
| Plaintiffs | § § | Cause No. 2:15-cv-713-JRG-RSP |
| v. | § § | Jury Demand |
| DOREL JUVENILE GROUP, INC., a Massachusetts corporation | § § § | |
| Defendant. | § | |

**JOINT SUBMISSION CONCERNING ENTRY OF FINAL JUDGMENT**

On June 28, 2016, the Court entered a final judgment in this case (Dkt. No. 172). The next day, the plaintiffs filed an opposed motion to alter or amend that judgment (Dkt. No. 173). On June 30, 2016, the Court vacated its previously entered judgment, denied the plaintiffs' motion as moot, and — concerning the final judgment itself — directed the parties to meet and confer concerning a proposed form of judgment. Dkt. No. 175. To the extent the parties could not agree, the Court directed them to submit their "competing proposals side-by-side within the same filing." *Id*.

The parties have met and conferred, and while they have reached agreement concerning several issues, they have a series of discrete disagreements concerning the proper form of entry of judgment. They have accordingly prepared this joint filing to explain their positions briefly to the Court and have attached hereto their competing proposals in the side-by-side format requested by the Court.

**The Parties' Agreements Concerning Certain Items**

The parties have agreed (conditionally where noted) on the following:

1

- The amount of compensatory damages awarded by the jury before reductions for set-offs is $24,438,000.00.

- The amount of punitive damages awarded by the jury is $10,000.00.

- The amount of past damages awarded by the jury (included in the $24,438,000 compensatory damages award) is $373,000.00.

- Prejudgment interest shall be awarded at the Texas statutory rate of 5% simple interest.

- Prejudgment interest shall be awarded only on the amount of past damages, after taking into account set-offs.

- The compensatory damages award must be set-off by at least $4,530,000.00, reflecting settlements from Wal-Mart and insurers.

- *If*, as the defendant has requested in its proposal, the additional UM payment that the plaintiffs received should also be deducted from the total damages awarded, then the parties agree that the amount of this reduction is $50,000. The plaintiffs, however, disagree that the damages should be reduced by the $50,000 UM payment.

- In computing set-offs against the base amount to which prejudgment interest shall be applied, the parties have agreed that it is appropriate for the Court to use a percentage that reflects the ratio of past compensatory damages to future compensatory damages. Specifically, they have agreed to a percentage that reflects the jury's allocation of past and future damages. This percentage is 1.55%, computed as follows: $373,000 (the amount of past damages in the verdict)/$24,065,000 (the amount of future damages in the verdict). The parties' agreement in respect to this percentage is the good-faith resolution of a potentially complex calculation (intended to avoid satellite litigation in respect to the proper allocation of the settlements between past and future damages where those settlements are themselves silent on such allocation) and both parties acknowledge that this limited, conditional agreement is not intended to be and will not be a waiver of any party's position in post-judgment motions or in any appellate proceedings, including without limitation concerning the validity of any findings of liability for compensatory or punitive damages.

- *If*, as the plaintiffs have requested in their proposal, the set-off amount is $4,530,000, then the parties agree that the $373,000 base amount of past damages will be reduced by $70,215.00 (1.55% x $4,530,000), so that the prejudgment interest rate shall be applied to $302,785.00.

- *If*, as the defendant has requested in its proposal, the set-off amount is $4,580,000, then the parties agree that the $373,000 base amount of past damages will be

- reduced by $70,990.00 (1.55% x $4,580,000), so that the prejudgment interest rate shall be applied to $302,010.

- *If*, as the plaintiffs have requested in their proposal, the set-off amount is $4,530,000, then the parties agree that the daily amount of prejudgment interest is $41.48 ((.05/365) x $302,785.00).

- *If*, as the defendant has requested in its proposal, the set-off amount is $4,580,000, the then parties agree that the daily amount of prejudgment interest is $41.37 ((0.5/365 x $302,010.00).

- The parties agree that prejudgment interest will run from the date of the filing of the complaint (May 13, 2015), through the entry of judgment.

- The parties agree that the number of days between May 13, 2015 and July 20, 2015 is 435.

- *If*, as the plaintiffs have requested in their proposal, the set-off amount is $4,530,000, then the parties agree that the total amount of prejudgment interest from the filing of complaint through July 20, 2016 is $18,403.80 (435 x $41.48).

- *If*, as the defendant has requested in its proposal, the set-off amount is $4,580,000, then the parties agree that the total amount of prejudgment interest from the filing of the complaint through July 20, 2016 is $17,995.95 (435 x $41.37).

- The parties agree that for purposes of ensuring the finality of a judgment under Fed. R. Civ. P. 58, the computation of prejudgment interest is neither routine nor ministerial, so that because the Court has determined to award prejudgment interest, a dollar amount of prejudgment interest must be included in the judgment. *See Student Loan Marketing Assn. v. Lipman*, 45 F.3d 173 (7th Cir. 1995).

- Although the computation *of* prejudgment interest is neither routine nor ministerial, the parties have conditionally agreed to the above stated amounts of daily prejudgment interest so as to not to delay the entry of judgment following the Court's resolution of their disagreement concerning whether the defendant is entitled to set-off the $50,000 UM payment.

**Plaintiffs' Proposal**

The plaintiffs propose that the Court enter a final judgment that includes both specific dollar amounts, and the jury's findings in respect to (1) a defect in the warnings or instructions; (2) the defendant's negligence and proximate cause; and (3) the defendant's gross negligence supporting a punitive damages award. *See* Plaintiffs' proposal, preamble and ¶¶ 1-3, 5 .

3

Additionally the plaintiffs propose that the Court enter findings in respect to (a) the amount of punitive and compensatory damages awarded; (b) specific amount of set-offs against the judgment; (c) the statutory bases for such set-offs; (d) the statutory basis for prejudgment interest; (e) the amount of prejudgment interest; (f) the statutory basis for postjudgment interest; (g) that the plaintiffs are prevailing parties and shall be entitled to costs; and (h) that all other motions presently pending and unresolved are denied. *Id.*, ¶¶ 5, 7-11.

Concerning the set-offs specifically, as noted above, the plaintiffs' position is that the total set-off amount should be $4,530,000.00. This reflects payments of $4,500,000 from Wal-Mart and $30,000 from insurers. Plaintiff's position is that the $50,000 underinsured motorist coverage settlement they received from their own insurance company pursuant to an insurance contract is not a "settlement" for purposes of computing either the settlement credit set-off or prejudgment interest consistent with *Bartley v. Guillot,* 990 S.W.2d 481 (Tex.App.—Houston [14th. Dist] pet. denied).

### **The Defendant's Proposal**

The defendant proposes that the judgment simply set out (as a separate document), without embellishment or explanation, the dollar awards to the plaintiffs. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978).

The plaintiffs did not file a declaratory judgment action, so the defendant believes that any specific findings are not appropriate for inclusion in a Rule 58 judgment. The defendant's proposal accordingly does not reflect any specific factual findings.

Concerning the statutory bases for set-offs and prejudgment interest and the legal effect of the jury's allocation of fault, the defendant's position is that these are legal questions, resolvable by the Court to the extent there is a dispute, by separate order. The defendant's

proposal accordingly does not reflect the citation of any statutory authority concerning set-offs, prejudgment interest, or the effect of the jury's fault allocation. Further, because there is only one defendant in this case, a finding of "joint and several" liability is unnecessary.

Further, it is the defendant's position that it is entitled to set-off the $50,000 UM payment, so that the total set-offs will be $4,580,000 and not $4,530,000. The parties have met and conferred concerning the propriety of setting off the $50,000 UM payment. While the defendant understands the plaintiffs' position that a Texas appellate decision insulates this payment from a set-off, the defendant does not believe that any controlling authority permits the plaintiffs to keep this amount without setting it off against the judgment: the payment was received to settle claims concerning damages arising from the accident.

Concerning the award of costs and post-judgment interest, the rules specifically provide that a prevailing party is entitled to costs and a separate federal statute provides for post-judgment interest. No findings in respect to costs or post-judgment interest are, in the defendant's view, appropriate for inclusion in a final judgment. *See Student Loan Marketing Assn. v. Lipman*, 45 F.3d 173 (7th Cir. 1995).

Concerning the resolution of any pending motions, because a final judgment should simply recite without embellishment the amounts awarded, it is the defendant's position that this ruling is not appropriate for including in a final judgment. To the extent that any such ruling concerning any pending motions may be or is necessary to confer finality on the judgment, the Court could enter a separate order.

Respectfully submitted this 15th day of July, 2016,

/s/ Jeffrey T. Embry
Jeffrey T. Embry
State Bar No. 24002052
Attorney-in-Charge
George Cowden IV
State Bar No. 24071492
Kyna J. Adams
State Bar No. 24041792
Hossley & Embry, LLP
320 South Broadway Avenue, Suite 100
Tyler, Texas 75702
Ph. (903) 526-1772
Fax (903) 526-1773
jeff@hossleyembry.com
george@hossleyembry.com

Attorneys For Plaintiffs

s/ Jonathan Judge
Jonathan Judge (pro hac vice)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
jjudge@schiffhardin.com

Anthony A. Avey
AVEY & ASSOCIATES PLLC
14255 Blanco Rd.
San Antonio, TX   78216
(210) 308-6600
(210) 308-6939 – facsimile
tavey@aveylaw.com

Attorneys for Defendant Dorel Juvenile Group, Inc.

## FINAL JUDGMENT — PARTIES' RESPECTIVE PROPOSALS

| **Plaintiffs' proposal** | **Defendants' Proposal** |
| --- | --- |
| A jury trial commenced in this case on June 13, 2016 regarding both the claims by Plaintiff Nicole Hinson, Individually and as Next Friend of C.H., a Minor against Defendant Dorel Juvenile Group, Inc. ("Dorel") and the defenses asserted by Dorel. After four days in trial, the jury reached and returned its unanimous verdict on June 17, 2016, finding Dorel liable for negligence and strict liability in connection with its production and sale of the Safety 1st Summit Deluxe car seat. (Dkt. Nos. 166, 167) Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the Jury's verdict and the entirety of the record available to the Court, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows: | Under Fed. R. Civ. P. 58, the Court hereby enters judgment in favor of Plaintiff Nicole Hinson, Individually and as Next Friend of C.H., a Minor against Defendant Dorel Juvenile Group, Inc. ("Dorel") in the following amounts: |
| 1.    There was defect in the warnings or instructions at the time the Safety 1st Summit Deluxe car seat left the possession of Dorel, and that defect was a producing cause of the injury to Plaintiff. | |
| 2.    Dorel was negligent in warning or instructing regarding the use of the Safety 1st Summit Deluxe car seat at the time it left the possession of Dorel, and that negligence was a proximate cause of the injuries and the damages sustained by Plaintiff. The jury apportioned 80% fault to Dorel regarding Plaintiff's injuries and damages. | |
| | |
| 3.    In accordance with the jury's verdict apportioning greater than 50 percent responsibility to Dorel and applying TEX. CIV. PRAC. & REM. CODE section 33.013(b)(1), Dorel is jointly and severally liable for the entirety of the damages awarded by this Judgment. | |

| | |
|---|---|
| 4. The compensatory damages suffered by Plaintiff that will provide fair and reasonable compensation total $24,438,000; of which $10,300,000 are non-economic damages and $14,138,000 are economic damages. | 1. $19,858,000.00 in compensatory damages to Plaintiff Nicole Hinson as Next Friend of C.H. |
| 5. The harm to Plaintiff resulted from the gross negligence of Dorel. Plaintiff shall recover $10,000,000 in exemplary damages from Dorel for Dorel's gross negligence. | 2. $10,000,000 in punitive damages to Plaintiff Nicole Hinson as Next Friend of C.H. |
| 6. Pursuant to TEX. CIV. PRAC. & REM. CODE section 33.012(b), any compensatory damage recovery of Plaintiff Nicole Hinson, Individually and as Next Friend of C.H., must be reduced by the sum of the dollar amount of all other settlements which have been obtained on C.H.'s behalf. Accordingly, the above-referenced compensatory damages shall be reduced by $4,530,000, reflecting the total amount of such settlements. Thus, the post-settlement credit compensatory damages awarded to Nicole Hinson, Individually and as Next Friend of C.H., are $19,908,000. In combination with the exemplary damages awarded herein, the total damages awarded to Nicole Hinson, Individually and as Next Friend of C.H. are $29,908,000. | |
| 7. Of the amounts awarded hereby, $73,000 is awarded to Nicole Hinson individually and the balance is awarded to C.H., a minor. Such award to C.H. shall be paid and delivered through a structured plan which must be presented to and approved by this Court. The Court reserves the ability to appoint at a later date a Guardian *ad Litem* as a part to considering and approving any structured payment hereunder to C.H. | 3. $73,000 to Nicole Hinson individually. |
| 8. Plaintiff is awarded prejudgment interest in accordance with Texas Finance Code §304.003 and the Texas Civil Practice and Remedies Code from the date this lawsuit was filed, through July 20, 2016, in the amount of $18,043.80; $41.48 for each additional day for a judgment entered after July 20, 2016.Plaintiff shall recover post-judgment interest on the total judgment amount at the | 4. $17,995.95 in prejudgment interest, through July 20, 2016; $41.37 for each additional day for a judgment entered after July 20, 2016. |

| | |
|---|---|
| maximum rate in accordance with 28 U.S.C. §1961. | |
| 10.     Plaintiff is the prevailing party, and as the prevailing party, Plaintiff shall recover its costs from Defendant. | |
| 11.     Any and all pending motions that are presently unresolved are hereby DENIED. All relief not granted to the parties herein is likewise DENIED. | |

So ORDERED and SIGNED this ____ day of _____, 2016.